# Henry *et al. v.* Carlton.

## *Action of Trespass.*

1. *Action of trespass; when against several persons; can be joint or several.*—Where several persons participate in the commission of a trespass, the injured party may sue them jointly or severally.

2. *Same; same.*—When, in an action of trespass the complaint avers that the "defendants" committed an assault upon plaintiff, the averment imports that the assault was jointly committed by the defendants, and constitutes a substantial cause of action.

[Henry *et al.* v. Carlton.]

3. *Same; joinder of trespass upon land and trespass upon person.* A count of trespass upon land and trespass upon the person may be joined in the same complaint.

4. *Same; same.*—In an action of trespass upon the person, a claim for trespass upon land may be made in the count for trespass upon the person, and recovery be had for both, when the averments of such count are such as to show but one transaction; but when the averments of the count show that damages are sought for a trespass upon the land, and for a trespass upon the person, separately, and the pleadings fail to show that they are the same transaction, the two claims can not be joined in the same count.

5. *Same; same; case at bar.*—In an action of trespass, a count in which damages are claimed "for a trespass of the defendants on" certain described premises "belonging to and in the possession of plaintiff, and for assaulting and beating the plaintiff on or about" a specified date, does not show that the two trespasses were the same transaction, and the causes of action are, therefore, improperly joined in the one count.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was an action brought by the appellee, S. J. Carlton, against the appellants, James F. Henry and E. A. Rogers. The complaint was as follows: "1st. The plaintiff claims of the defendants the sum of ten thousand dollars damages for an assault and battery committed by the defendants on the plaintiff, viz., on or about the 15th day of September, 1896.

"2d. The plaintiff claims of the defendants the further sum of ten thousand dollars damages for maliciously assaulting and beating the plaintiff on or about the 15th day of September, 1896.

"3d. The plaintiff claims of the defendants the further sum of ten thousand dollars for that heretofore, to-wit, on or about the the 15th day of September, 1896, the defendants came to plaintiff's place of business and maliciously assaulted the plaintiff by knocking him down and otherwise maltreating the plaintiff.

"4th. The plaintiff claims of the defendants the further sum of ten thousand dollars damages for that heretofore, to-wit, on or about the 15th day of September, 1896, the defendants came to plaintiff's place of business, and while defendant Rogers held a pistol to intimidate plaintiff, the defendant Henry did assault, beat and otherwise maltreat plaintiff to his great bodily and mental suffering, to his great damage, &c.

"5th.   And plaintiff claims the further sum of ten thousand dollars damages for a trespass by the defendants on the following tract of land, viz., a house and lot in Gadsden, known and designated as the ice plant, belonging to and in the possession of plaintiff, and for assaulting and beating the plaintiff on or about the 15th day of September, 1896.

"6th.   And plaintiff claims of the defendants the further sum of ten thousand dollars damages for a trespass of the defendants on the following tract of land, viz., a house and lot in Gadsden, known and designated as the ice plant, belonging to and in the possession of plaintiff, and for maliciously assaulting, beating and otherwise maltreating the plaintiff on or about the 15th day of September, 1896.

"7th.   And the plaintiff claims of the defendants the further sum of ten thousand dollars damages, for that heretofore, towit, on or about the 15th day of September, 1896, while the plaintiff was on his own premises, the defendants entered and by presenting a pistol put the plaintiff in fear so that he could and dared not defend himself, and then assaulting and beating the plaintiff by knocking him down and slapping him in the face, and otherwise maltreating and insulting plaintiff to his great and bodily suffering to his damage above set forth."

To this complaint the defendants demurred as follows : "1st.   Defendants demur to the whole complaint on the ground that it is an attempt to bring an action for an assault and battery against the two defendants, jointly. 2d.   Because the damages for an assault and battery will not lie against two persons jointly.   3d.   Because the complaint contains no such averments as show a conspiracy between the defendants Henry and Rogers, or otherwise authorize a joint suit against both."   To the fifth and sixth counts of the complaint the defendants demurred upon the following grounds :   "1st.   Said count contains two separate and distinct causes of action. 2d.   Said count is in trespass and in case.   3d.   Said count is in trespass on realty and trespass on the person. 4th.   Said count joins trespass on realty with other counts for assault and battery."

The court overruled each of these demurrers, and to this ruling the defendants separately excepted.   This

[Henry *et al.* v. Carlton.]

ruling is the only question presented for review on this appeal, prosecuted by the defendants from a judgment in favor of the plaintiff.

DENSON, BURNETT & CULLI, GOODHUE & SIBERT, and N. G. CANNING, for appellants.

GEORGE D. MOTLEY and S. W. JOHN, *contra.*—The plaintiff below could sue jointly for a tort jointly committed.—Cooley on Torts, 133–4 ; *DuBose v. Marx*, 52 Ala. 506 ; *Smith v. Gayle*, 58 Ala. 600.

It was lawful for the plaintiff to join a count in trespass for an assault and battery, with a count in trespass for unlawful entry on plaintiff's land and there beating him.—1 Chitty, (16th Am. ed.), 222–3 ; *Smith v. Kaufman*, 100 Ala. 408.

COLEMAN, J.—The action is in trespass. There is no averment in case in the declaration. When two or more parties are guilty of a joint trespass, they may be sued jointly or severally in one action.—*Smith v. Gayle*, 58 Ala. 606. A complaint which avers that A. B. and C. D. assaulted E., imports that the assault was joint. Evidence that one of the defendants committed an assault at one time, and the other at a different time, would not be admissible in support of the averment, and authorize a joint recovery.

A count *quare clausum fregit*, may be joined with a count for trespass on the person, in the same complaint.

Each of the fifth and sixth counts of the complaint count upon a trespass upon land, and for assaulting and beating the plaintiff &c. The defendants' demurrer raises the question as to whether the two claims as averred can be united in the same count. We are of the opinion that a plaintiff may aver a trespass upon land in a count for trespass upon the person, and recover for both, when the averments are such as to show but one transaction. But when the count shows, that damages are sought for a trespass upon the land and for a trespass upon the person, and the pleadings fail to show that they are of the same transaction, the two cannot be united in one count.—26 Am. & Eng. Encyc. of Law, pp. 627–28, and note ; *Wright v. Chandler*, 4 Bibb (Ky.) 422 ; *Floyd v. Floyd*, 4 Rich. Law (S. C.) 23 ; *McClees v. Sikes*,

[Haley v. Kansas City, Memphis & Birmingham R. R. Co.]

1 Jones Law (N. C.) 310; *Sampson v. Henry,* 13 Pick. 36; *Moats v. Witmer,* 3 Gill & John. (Md.) 118; *Flinn v. Anders,* 9 Ire. (N. C.) 328.

Construing the pleadings most strongly against the pleader, we are of opinion counts five and six were subject to demurrer.

Reversed and remanded.

Brickell, C. J., dissenting.