# CASES

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1899.

## Liner *v.* The State.

### *Indictment for Murder.*

1. *Irrelevant testimony; what is on preliminary inquiry addressed to the judge.*—On the preliminary inquiry, addressed to the presiding judge, on a trial for murder, as to whether certain statements of the defendant, supposed to be in the nature of confessions, were freely and voluntarily made the testimony of a witness that a crowd was at the depot after the difficulty and before the defendant and those with him had been apprehended, and to the effect that some one in the crowd said that "those boys ought to be caught and killed," and that he witness, did not hear any one in the crowd "discourage that idea," was wholly irrelevant, and the error, if any, in the judge in excluding it for a wrong reason was innocuous.

2. *Illegal evidence; may be excluded at any time before the jury retires.*—Illegal evidence may be excluded at any stage of the trial to submission of the cause to the jury. If an illegal question is propounded, and there is no objection to it, and the answer is responsive, the party against whom it is offered is not entitled to have the answer excluded; the court may always refuse to exclude the answer on his motion. But on the other hand, the court commits no error in allowing his motion to exclude or in excluding such illegal evidence of its own motion at any time before the jury retires, having of course a care that the other party is not put at undue advantage by such ruling.

3. *Cross examination, what not in its legitimate range.*—Testimony which is in itself extraneous and impertinent to any issue in the case, and does not fall within that class of testimony which, though not pertinent to the issue of the case, may be

1

[Liner v. The State.]

gone into on cross examination to test the witness' means of knowledge, memory, accuracy or credibility, is not within the legitimate range of cross examination.

4. *Charges when properly refused because too narrow.*—Where it is open to the jury to find a defendant in a criminal case guilty upon either of three theories, charges requested by him are properly refused which predicate an acquittal on the failure of the jury to believe beyond a reasonable doubt the facts necessary to support two of the theories and withdraws from the jury the facts necessary to support the third.

5. *The same charge need not be given more than once.*—A charge is properly refused to a defendant if it is the same substantially as a charge already given at his instance.

6. *Conspiracy; when guilt of proved.*—To the guilt of a defendant as a conspirator in murder it is not essential that the object of the conspiracy should have been the death or injury of the person conspired against or some other person, but only the doing of an unlawful act, or of a lawful act in an unlawful manner, and the killing of the person conspired against in pursuance of such design.

7. *Charge on reasonable doubt.*—Charges are properly refused to a defendant in a criminal case which require an acquittal upon a reasonable doubt resting solely upon a part of the evidence considered separately from the whole evidence, when such doubt may be dissipated by a consideration of the entire case in evidence.

8. *Special charge; when should be given.*—A charge when requested by a defendant in a criminal case should be given when the substance of it does not appear to be embraced in any charge which was given to the jury, and when it postulates each of the three theories upon which conviction could possibly be rested, and in effect properly directs an acquittal if the jury should have a reasonable doubt of the facts essential to support each of them.

9. *Same.*—A charge is properly refused to a defendant in a murder case when it assumes without warrant the existence of evidence in the case tending to show neither the defendant, nor any one of his associates stabbed the deceased, the evidence showing that the deceased was killed by stabbing.

APPEAL from Cleburne County Court.

Tried before Hon. T. J. BURTON.

The facts of this case concisely stated are these: The defendant and several companions met Robert Hunnicutt and several associates in the town of Heflin. The defendant's company were boisterous and quarrelsome.

Hunnicutt knocked down one of them. A "scuffle" ensued. But this was settled and the two parties made friends.

Again the defendant's party became abusive, and again Hunnicutt knocked down the same man. The two parties then separated, the defendant and friends going towards Edwardsville. Hunnicutt soon remarked that he was cut, and it was found that he was mortally wounded by a stab in the body. He died shortly thereafter. Something of a crowd gathered, and it was then that the words were used to which the opinion refers. The defendant and some of those with him were arrested about two miles from the scene of the tragedy, and on their persons were found two pistols, a large knife and several small knives .

The following charges were refused to the defendant:

6. "The court charges the jury that even though they may believe from the evidence that defendant and his associates, Jordon, Bentley and Smith, in what they did at Heflin on the night of the difficulty, acted simultaneously and acted illegally and maliciously with the same end in view, yet you should not convict the defendant unless it appears from the evidence, beyond a reasonable doubt, that their acts were done pursuant to a mutual agreement, and that one of them inflicted the fatal wound, or that the defendant himself did the cutting."

7. "The mere fact that defendants, Jordan, Bentley and Smith were each present and engaged in the difficulty resulting in the fatal stabbing of Bob Hunnicutt is not sufficient to convict defendant unless the jury find from the evidence beyond a reasonable doubt that defendant and his associates had previously formed a combination or agreement between them to accomplish some criminal act, or to do some lawful act by unlawful means; or that defendant himself inflicted the fatal wound."

9. "Unless the jury find from the evidence beyond a reasonable doubt and to a moral certainty that defendant and his associates had conspired together, before the cutting, to do some unlawful act, or to do some lawful act by unlawful means, and that the fatal wound was inflicted by the defendant, or one of his associates

in pursuance of such conspiracy, or that the defendant himself inflicted the wound after having provoked or encouraged the difficulty, or that there was not either real or apparent danger to his life or limb, and that there was or appeared to be no other reasonable means of escape without increasing his danger, the defendant should not be convicted."

15. "If there is a probability of the defendant's innocence arising from any part of the evidence, the jury should acquit the defendant."

16. "If there is in the mind of a single juror a probability of the defendant's innocence arising out of any part of the evidence, the defendant should not be convicted."

18. "That if the evidence fails to satisfy your minds beyond a reasonable doubt and to a moral certainty that defendant struck the fatal blow upon Bob Hunnicutt, then before you can convict him upon the theory of a conspiracy you must be satisfied beyond a reasonable doubt and to a moral certainty that, prior to the infliction of the wound, there was a mutual agreement between defendant and his associates to kill or injure Bob Hunnicutt or some other person, and in pursuance of such agreement the fatal blow was inflicted by one of his said associates in pursuance of such agreement."

Charge 22 which should have been given is as follows: "The court charges the jury that even if they find from the evidence that defendant and his associates acted illegally and maliciously in what they did with the same end in view, yet unless you are satisfied from the evidence beyond a reasonable and to a moral certainty that their acts were done pursuant to a mutual agreement, you should not convict the defendant unless you believe from the evidence, beyond a reasonable doubt and to a moral certainty, that defendant inflicted the fatal wound or aided and abetted whoever did inflict it, and if you have a reasonable doubt of the defendant's guilt under the rules above stated, you should acquit the defendant."

MERRILL & BRIDGES, for appellant.—"First proposition.—Defendant cannot object to responsive answer to

[Liner v. The State.]

an illegal question after answer made.—*McCalman v. State,* 96 Ala. 98; *Traylor v. State,* 14 So. Rep. 934.

"Second proposition.—Proper limit to cross examination.—*Amos v. State,* 96 Ala. 120.

"Third proposition.—The constituent elements of a conspiracy.—*State v. Cawood,* 2 Stew. 360; *Gipson v. State,* 89 Ala. 121; *Spies v. People,* 3 Am. St. Rep. 320.

"Fourth proposition.—What is not sufficient to support a charge of conspiracy.—*Newall v. Jenkins,* 26 Pa. St. 159.

"Fifth proposition.—A probability of defendant's innocence is a just foundation for a reasonable doubt. *Bain v. State,* 74 Ala. 39; *Prince v. State,* 14 So. Rep. 409.

CHARLES G. BROWN, Attorney-General, for the State, cited *Evans v. State,* 109 Ala. 13; *Ex parte Bonner,* 100 Ala. 114; *Pearson v. State,* 99 Ala. 148; *Jolly v. State,* 94 Ala. 19; *Martin v. State,* 89 Ala. 121; *Williams v. State,* 83 Ala. 1; *Benjamen v. State,* 25 So. Rep. 917; *Henderson v. State,* 25 So. Rep. 236; *Lodge v. State,* 26 So. Rep. 200.

McCLELLAN, C. J.—The testimony of S. C. Zaner, Jr., as to there being a crowd at the depot after the difficulty and before the defendant and those with him had been apprehended, and to the effect that some one in the crowd said that "those boys ought to be caught and killed," and that he, witness did not hear any one in the crowd "discourage that idea," considered as addressed to the presiding judge on the preliminary inquiry as to whether certain statements of the defendant, supposed to be in the nature of confessions, made afterwards, were freely and voluntarily made, was wholly irrelevant, and had it been received could not legitimately have influenced the conclusion of the judge thereon. If, therefore, he erred in excluding it because it had been given in response to an illegal question to which no objection was interposed, the error was innocuous and furnishes no ground for reversal.—*Burton v. State,* 107 Ala. 68, 72-3.

But we do not think error was committed by the court

in this connection, whether this testimony be considered as addressed to the judge or jury, or both. Illegal evi-. dence may be excluded at any stage of the trial to submission of the cause to the jury. If an illegal question is propounded, and there is no objection to it, and the answer is responsive, the party against whom it is offered is not *entitled* to have the answer excluded: the court may always properly refuse to exclude the answer on his motion. But on the other hand, the court commits no error in allowing his motion to exclude or in excluding such illegal evidence of its own motion at any time before the jury retires, having of course a care that the other party is not put at undue disadvantage by such ruling.—*Pearsall v. McCartney,* 28 Ala. 110; 125-6; *Pool v. Devers,* 30 Ala. 672; *Avery v. Searcy,* 50 Ala. 54; *Edisto Phosphate Co. v. Standford et al.,* 112 Ala. 493.

Nor was the excluded testimony within the legitimate range of cross-examination. It was in itself extraneous and impertinent to any issue in the case, and it does not fall within that class of testimony which, though not pertinent to the issues of the case, may be gone into on cross-examination to test the witness' means of knowledge, memory, accuracy or credibility; and it was obviously not sought to be adduced for any of these purposes.

On the case made by the evidence below, it was open to the jury to find the defendant guilty upon either one of three theories, viz.: *first,* that he personally delivered the fatal blow; *second,* that there was a conspiracy between and on the part of the defendant and the other three of his party to bring on and prosecute the affray in which the deceased was stricken, and that in pursuance of this conspiracy one of defendant's associates dealt the mortal wound; or, *third,* that though there was no such conspiracy, and though the deceased was not stabbed to death by the hand of the defendant he was present aiding and abetting that one of his party who did inflict the wound, and hence was an accessory before the fact at common law, and a principal in the crime under our statute. Charges 6, 7, and 9 requested by defendant were severally bad in that they each predicate an acquittal on the failure of the jury to believe

beyond a reasonable doubt that there was a conspiracy in furtherance of which Hunnicutt was killed, or that this defendant personally inflicted the fatal wound, and withdraw from the jury the inquiry whether the defend-- ant, though not a conspirator and not the direct physical agent of the blow, was present aiding and abetting the person who delivered the wound.

Charge 17 refused to the defendant is substantially the same as charge 5 which was given at his instance, and the court therefore committed no error in refusing to give it.

Charge 18 was properly refused. To defendant's guilt as a conspirator it was not essential that the object of the conspiracy should have been the death or injury of Hunnicutt or some other person, but only the doing of an unlawful act or a lawful act in an unlawful manner, and the killing of Hunnicutt in pursuance of such design.

Charges 15 and 16 refused to the defendant would have required an acquittal upon a reasonable doubt resting solely upon a part of the evidence considered separately from the whole evidence, when such doubt may have been dissipated by a consideration of the entire case in evidence.—*Nicholson v. State,* 117 Ala. 32; *Hale v. State,* 26 So. Rep. 236; *Lodge v. State,* 26 So. Rep. 200.

Charge 22 refused to the defendant should have been given. The substance of it does not appear to be embraced in any charge which was given to the jury. It postulates each of the three theories upon which conviction could possibly be rested, and it in effect properly directs an acquittal if the jury should have a reasonable doubt of the facts essential to support each of them.

Charge 28 was properly refused because in so far as it is applicable to the case it is a repetition of charge 5 given for defendant, and for the further reason that it assumes without warrant the existence of evidence in the case tending to show that neither the defendant nor any one of his associates stabbed Hunnicutt.

We have discussed all the exceptions treated of in the brief of defendant's counsel. There are others of which counsel do not treat. These we have considered and found to be without merit, but deem it unnecessary to discuss them.

For the error committed by the court in refusing charge 22 the judgment of the county court must be reversed. The cause is remanded.

Reversed and remanded.