# Stowers Furniture Co. *v.* Brake.

*Trespass Vi et Armis and De Bonis Asportavit.*

(Decided Dec. 17, 1908.  47 South. 89.)

1. *Parties; Amendments.*—Where the summons and complaint fails to show whether the defendant was a corporation or partnership an amendment was properly allowed showing that the defendant was a corporation.

2. *Pleading; Amendment.*—Where the original declaration alleged that defendant by and through its agents or servants entered into plaintiff's house and assaulted and beat her, and carried off her goods, etc., it was within the lis pendens and not a departure to allow the filing of additional counts alleging the location of the house, and charging the wrongfulness of the acts to the defendant itself,

[Stowers Furniture Co. v. Brake.]

and alleging that defendant's servants, and agents were acting within the line and scope of their employment, and that plaintiff's injuries were permanent, and that defendant wrongfully and wantonly committed the acts complained of.

3. *Actions; Joinder; Trespass Vi et Armis and De Bonis Asportavit.*—Where they are shown to be a part of the same transaction vi et armis and trespass de bonis asportavit may be joined.

4. *Trespass; Action; Complaint; Allegation of Title and Possession.*—A complaint which alleges that defendant by its agents entered plaintiff's house and took from her possession and carried away her household furniture, etc., sufficiently alleges that plaintiff was rightfully possessed of and the owner of the goods, and is not subject to demurrer for a failure to allege that she had possession thereof as against the defendant, or for failing to allege that plaintiff's possession was superior to defendant's rights.

5. *Same; Pleading; Sufficiency.*—A plea alleging that the property taken belonged to the defendant, and that only such force was used as was reasonably necessary to take peaceable possession and control of the property, is insufficient as an answer to a complaint in trespass vi et armis and de bonis asportavit, since it does not cleraly show that a breach of the peace was not committed.

6. *Same.*—A plea which merely alleges that the property belonged to the defendant and does not traverse the averments of the assault committed, is open to demurrer and insufficient as a defense to an action of trespass vi et armis and de bonis asportavit.

7. *Same.*—While the owner of personal property entitled to its possession may take possession of it, wherever it is, the taking must be a peaceable one.

8. *Sale; Conditional Sale; Recovery of Possession by the Seller.*— The seller of personal property under a conditional sales contract may take possession of the property upon breach of the condition, but the taking must be peaceable.

9. *Evidence; Relevancy; Res Gestae.*—Declarations of a sick person as to the symptoms and nature of his disease, or injury, whether made to a physician or other persons, are admissible in explanation of the condition of the defendant.

10. *Same.*—Where the action was for damages caused by the servant of defendant in entering plaintiff's house, assaulting her and carrying away her goods, the sayings and doings of those who seized the property were admissible as part of the res gestae.

11. *Execution; Wrongful Execution; Evidence.*—Where the wrongful acts occurred late in the afternoon, and during the levy of an execution, plaintiff was entitled to prove by her husband as against a general objection, the condition of the house when he arrived at night.

12. *Same; Action; Jury Question.*—Whether or not the defendant ratified the acts of the levying officer for trespasses committed in levying the execution so as to render him liable, was, under the evidence in this case, a question for the jury.

13. *Same; Persons Liable.*—Where property was seized at the instance of the defendant under a writ void on its face, the defendant would be liable as a trespasser in the same manner as the levying officer.

[Stowers Furniture Co. v. Brake.]

14. *Same; Exemplary Damages.*—Where the defendant caused goods to be levied on under a writ void on its face, and received and detained the goods knowing that the officers had committed an assault in making the levy, it was within the discretion of the jury to assess exemplary damages.

15. *Sheriffs and Constables; Liability for Trespass; Protection of Process.*—A valid writ of seizure will not protect the officers in its execution where they are guilty of trespasses to person or property in levying it.

16. *Appeal and Error; Assignment of Error; Specific Assignment.*—Assignments of error based upon oral charge of the court need not be considered on appeal if they do not point out explicitly the parts of the oral charge alleged to be erroneous.

17. *Same; Joint Assignment; Effect.*—Where errors are assigned to rulings on evidence, and embrace two rulings, to sustain the assignments both rulings must be reversible error.

18. *Same; Harmless Error; Pleading.*—It is not reversible error to sustain demurrers to special pleas where the matters set up in such special pleas was provable under the general issue, which was pleaded.

19. *Same.*—It is harmless error to overrule objections to questions which are shown not to have been answered.

20. *Same.*—Where testimony was subsequently excluded by the trial court the error in admitting such evidence was cured.

21. *Same; Proceedings Below; Objections.*—Where no objection was made to a question and no ground was stated in the motion to exclude the answer, the action of the trial court will not be reviewed on appeal.

22. *Same.*—Where no exception is reserved to the ruling of the trial court, an assignment of error based thereon will not be considered on appeal.

23. *Same.*—Where a question is not objected to and the answer is responsive a motion to exclude the answer is properly overruled.

24. *Trial; Reception of Evidence; Motion to Strike.*—Where the answer is not responsive to the question the proper way to reach it is by motion to exclude.

25. *Same; Necessity of Stating.*—Where no ground of objection is assigned to a question the court is not bound to look for grounds of objection.

26. *Same; Necessity for Objection.*—Where a question is not objected to when asked, the trial court may or may not exclude the answer.

27. *Same; Instructions; In Bulk.*—Where charges are requested in bulk all are properly refused if any of them are bad.

28. *Witnesses; Examination; Leading Question.*—An objection to a leading question is properly sustained.

29. *New Trial; Grounds.*—A motion for a new trial because of the refusal of instructions is properly denied where the instructions were requested in bulk, and some of them were bad.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

41—8

[Stowers Furniture Co. v. Brake.]

Action by N. G. Brake against the Stowers Furniture Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint is as follows: "Plaintiff claims of defendant the sum of $5,000 as damages, for that heretofore, to wit, on or about the 17th day of October, 1905, the defendant, its servants, agents or employes, while acting within the scope of their employment, entered into the house occupied by plaintiff, and then and there assaulted and beat her, and then and there took from her possession and carried away her household furniture, goods, chattels, and jewelry. Plaintiff avers that as a proximate result of said wrong she has been deprived of the possession of said property, has been caused to suffer much physical and mental pain and anguish; that she was greatly distressed, her peace and comfort destroyed, and her health impaired; that she has been caused to lose much sleep and rest, has been caused great inconvenience and vexation," etc. This count was amended by adding the words "a corporation" after the words, "Stowers Furniture Company." Count A is practically the same as count 1, except that it gives the number of the house and its location, and alleges the wrongfulness of the acts complained of. This count alleges the wrongs to defendant itself. Count B: Same as count A, except that it alleges that the agents, servants, or employes of defendant, acting within the line and scope of their duties and employment, committed the acts complained of in the third count. It is further alleged in count B that her injuries are permanent. Count C alleged that defendant wrongfully, willfully, and wantonly committed the acts complained of in count 1, and also the permanency of her injuries. Count D is the same as C, except that the acts are alleged to have been committed by the servants, agents, or employes of defendant, while acting within the line and scope of their employment.

[Stowers Furniture Co. v. Brake.]

Demurrers were interposed as follows: To the first count, "because it is not averred that defendant committed the wrongs therein complained of; (2) it is averred in said complaint in the alternative that the defendant, its agents, servants, or employes, committed the wrongs therein complained of, without averring that the agents, servants or employes at the time of the commission of the alleged wrong, were acting within the line or scope of their employment or authority." Defendant refiled demurrers interposed to count 1 to each of the other counts separately, with the following additional grounds: "(1) The counts fail to allege that plaintiff was rightly possessed of the goods; (2) that plaintiff was the owner of the goods; (3) that plaintiff had possession of the goods as against defendant. (4) It fails to allege that plaintiff's possession was superior to the rights of said Reynolds and Denegre charged with being the actual tortfeasors."

Plea 3 was as follows: "Defendant says that all the property that was taken from plaintiff's house, or the house occupied by plaintiff, was the property of defendant, and that it had the right to immediate possession thereof; and defendant avers that only such force was used as was reasonably necessary to take peaceable possession and control of said property, and that so taking possession and control of said property constitute the acts complained of in plaintiff's complaint." Plea 8: "Defendant says and avers that the property taken from the house occupied by plaintiff was its property; that on the———day of———,1905, the defendant, by and through its counsel, filed a suit in detinue for the property so taken from the said house in the justice cout of R. B. Watts, who was holding himself out and exercising the powers and jurisdiction of a justice of the peace in Jefferson county, Ala.; that on the ——day of———, 1905, after a service of the complaint on plaintiff in said

cause, said R. B. Watts rendered a judgment in defendant's favor for said property; that thereafter, to wit, on the———day of———, 1905, said R. B. Watts, while exercising said power and jurisdiction of such justice of the peace, issued a writ of restitution on said judgment, and placed the same in the hands of J. T. Burton, who was at the time an acting constable in and for precinct 21, Jefferson county, Ala., the precinct in which said property was located; that said constable or one of his deputies took said property under said writ of restitution, which was regular on its face, and turned over and delivered said property to defendant as bailee. And defendant avers that it took no part in the taking of said property, and never ratified any alleged wrongful act of said Reynolds and Denegre."

Charge 17 was as follows: "If the jury believe the evidence in this case, they cannot find in favor of plaintiff."

WARD & RUDOLPH, for appellant. The 3rd plea was good.—*Street v. St. Clair,* 71 Ala. 110; *Manning v. Wells,* 104 Ala. 383; 140 Ala. 274. A vendor may enter vendee's premises to retake the property.—6 Am. St. Rep 695; 6 Ency of Law, 429. The 5th plea was not subject to demurrer.—*Burns v. Campbell,* 71 Ala. 271. The court erred in permitting the witness Elliott to answer the leading question concerning plaintiff's complaint of pain. —*Phillips v. Kelly,* 29 Ala. 628; *Eckler v. Bates,* 26 Ala. 655; *Bir. Ry. Co. v. Hale,* 90 Ala. 8. What the doctor said who attended plaintiff was part of the res gestæ, and should have been admitted..—*Hall v. The State,* 130 Ala. 46; *A. G. S. v. Hill,* 90 Ala. 71; 130 Ala. 83; 135 Ala. 511. Charges 2 and 3 should have been given. *C. of G. Ry. Co. v. Freeman,* 140 Ala. 581; *Southern B. Co. v. Francis,* 109 Ala. 224; *City D. Co. v. Henry,* 139 Ala. 161; *Burns v. Campbell, supra.* Charge 14 should

have been given.—*Cent. v. Freeman, supra.* On these same authorities, charges 11, 12, 10 and 17 should have been given.

ARTHUR L. BROWN, and SUMTER LEA, for appellee. By pleading, the defendant waived his demurrers to the count.—*Brewer v. Strong,* 10 Ala. 961; *L. & N. v. Johnson,* 135 Ala. 232. The facts alleged in the 2nd plea could have been shown under the general issue which was pleaded and hence, no injury is shown to appellant in the sustaining of demurrers to his special plea.—*L. & N. v. Hall,* 131 Ala. 161. The 8th special plea fails to show a valid writ.—*Bradford v. Boozer,* 139 Ala. 502. All the objections to evidence were general as no grounds were stated, and hence, no error is shown here.—*Riley v. The State,* 88 Ala. 193; *Eason v. Isbell,* 42 Ala. 456; *McDaniel v. The State,* 97 Ala. 14; *Transportation Co. v. Cavanaugh,* 101 Ala. 1. The oral charge is not error. —*Decatur Co. v. Mehaffey,* 128 Ala. 242. Charge 2 was properly refused.—1 Thompson on Neg. 498. Counsel discuss other charges, but without citation of authority.

DENSON, J.—The complaint as originally filed contained only one count. In it the defendant was described as "Stowers Furniture Company," without any averment to show whether it was a partnership or a corporation. The court properly allowed the amendment showing that the defendant is a corporation.—*Ex parte Nicrosi,* 103 Ala. 104, 15 South. 507. Nor did the court err in allowing counts A, B, C, D, and E as amendments to the complaint.

The action, then, is against a corporation; and each count of the complaint alleges trespass vi et armis to the person, and trespass vi et armis and de bonis asportatis, conjunctively. This is permissible in this jurisdiction, when the alleged trespasses are parts of the same trans-

action. Here they are sufficiently shown to be parts of the same transaction, and the demurrer in this respect was properly overruled.—*Henry v. Carleton,* 113 Ala. 636, 21 South. 225; *Birmingham, etc., Co. v. Lintner,* 141 Ala. 420, 38 South. 363, 109 Am. St. Rep. 40; *Southern Suspender Co. v. Van Borries,* 91 Ala. 507, 8 South. 367; *L. & N. R. R. Co. v. Mothershed,* 97 Ala. 261, 12 South. 714.

The other grounds of demurrer to the complaint are fully answered by the allegations of the several counts.

The defendant pleaded eight pleas, Nos. 1 and 2 of which being the general issue. Under these pleas of the general issue, all matters set up in the other pleas (except, perhaps, that contained in pleas 3 and 8), might have been proved; consequently the court cannot be put in error for sustaining demurrers to said pleas.

As to the sufficiency of plea 3, it is argued that the owner of personal property has the right to take peaceable possession wherever he may find it, if he is entitled to the immediate possession. This is true, and the principle may be extended to a vendor in a conditional sale contract, after breach of the condition; but the taking must, indeed, be a peaceable one. Here the complaint avers the commission of an assault and battery as the accompaniment of the taking; and, construing plea 3 most strongly against the defendant, it is apparent that it does not clearly show that a breach of the peace was not committed. The demurrer takes the point, and the court properly sustained it.—*Fuller's Case,* 115 Ala. 66, 22 South. 491.

In respect to plea 8 it will be observed that it fails to negative or traverse the averments of the complaint to the effect that an assault and battery was committed by defendant's servants while acting within the scope of their employment. For this reason, as well as for others, the demurrer to this plea was well sustained.

[Stowers Furniture Co. v. Brake.]

We come now to consider questions presented by the bill of exceptions. It is the subject of express decision by this court that declarations of a sick person, relative to the symptoms and nature of the disease or injury under which he is laboring, whether made to a physician or other person, are admissible as original evidence. "Such declarations are admissible as explanatory of the present condition of the declarant, upon the principle of res gestæ, as well as upon the necessity of the case."— *Rowland v. Walker,* 18 Ala. 749; *Eckles & Brown v. Bates,* 26 Ala. 655, 659; *Phillips v. Kelly,* 29 Ala. 628; *Birmingham, etc., Co. v. Hale,* 90 Ala. 8, 8 South. 142, 24 Am. St. Rep. 748; *Montgomery St. Ry. Co. v. Shanks,* 139 Ala. 489, 501, 37 South. 166; *Birmingham Ry., Light & Power Co. v. Rutledge,* 142 Ala. 195, 202, 39 South. 338; *Kansas City, & B. Ry. Co. v. Matthews,* 142 Ala. 298, 311, 39 South. 207.

According to this principle, rulings of the court challenged by the ninth, tenth, and eleventh grounds in the assignment of errors, even if the questions were properly presented, could not be sustained. We note that no exception was reserved to the rulings of the court in respect to the matters embraced in the ninth and tenth assignments, while, in respect to the eleventh assignment, the former part of the question falls within the principle above alluded to; but the answer of the witness was not responsive, and the defendant should have adopted a motion to exclude as the remedy against the answer.

In respect to the twelfth ground in the assignment of errors, it is sufficient to say that no exception was reserved to the ruling of the court.

It does not appear from the bill of exceptions that the question to the witness Stancil, "Then what was said, if anything?" was objected to. The answer thereto was responsive, and the motion to exclude it was properly overruled. Therefore the thirteenth ground in the as-

signment of errors cannot be sustained.—*Southern Ry. Co. v. Leard,* 146 Ala. 349, 39 South. 449, and cases there cited.

Furthermore, all that was done and said by the parties who seized the property was competent as parts of the res gestæ; and within this principle falls also the matter embraced in the fourteenth, sixteenth, and twentieth grounds in the assignment of errors.

The fifteenth, seventeenth, and nineteenth grounds in the assignment cannot be sustained, for the simple reason that the questions objected to were not answered.

The eighteenth ground in the assignment of errors embraces two rulings of the court: First, the overruling of defendant's objection to a question to witness Hockholzer; and, second, the refusal of the court to exclude an answer to the question. Assigned in this manner, both rulings must constitute reversible error, or the assignment cannot be sustained. It is clear that the first ruling, even if erroneous, cannot avail defendant anything. It was not excepted to.

Upon the same principle the twenty-first ground in the assignment is not sustainable. It purports to embrace two rulings, one of which was not made by the court, and there was no motion to exclude.

The evidence shows that the acts complained of occurred late in the afternoon. It was competent, against the general objection to the question made by the defendant, to prove, by the husband of plaintiff, the condition of the house on his return that night, and the twenty-second ground in the assignment cannot be sustained.

The twenty-third ground of error is not insisted upon in brief of counsel.

There was no objection to the question. "What became of the vases and ornaments?" and no stated ground for the motion to exclude the answer. Therefore

the twenty-fourth ground in the assignment of errors is without merit.—*McCalman's Case*, 96 Ala. 98, 11 South. 408; *Billingsley's Case*, 96 Ala. 126, 11 South. 409; *Washington's Case*, 106 Ala. 58, 17 South. 546; *Liner's Case*, 124 Ala. 1, 27 South. 438.

The twenty-fifth ground in the assignment challenges the ruling of the court overruling objection to the question to plaintiff calling for testimony of the value of a necklace which the evidence tended to show was taken. No ground for the objection was assigned, and the court was under no duty to cast about for a ground for the objection.——*Wallis v. Rhea*, 10 Ala. 453; *Eason v. Isbell*, 42 Ala. 456; *Riley's Case*, 88 Ala. 193, 7 South. 149. The ground of error cannot be sustained.

There are two grounds of error numbered 26. The witness who was being examined showed sufficient knowledge of the value of the goods to warrant the admission of her testimony on the question of value, and the first ground of error assigned by this number cannot be sustained. The second of the grounds numbered 26 cannot be sustained, because it is plain that defendant made no objection to questions calling for the evidence which is the subject of the motion to exclude, and the court was under no duty to grant the motion.—*Liner's Case*, 124 Ala. 1, 27 South. 438.

The same observations are applicable to ground 27 in the assignment. Even if the court erred in admitting the testimony of plaintiff in respect to a conversation over the phone.( *Western Union Tel. Co. v. Rowell*, 153 Ala. 295, 45 South. 73), the subsequent exclusion of the evidence by the court rendered the admission of the testimony harmless.

The twenty-ninth ground of error embraces two rulings of the court, to one of which no exception was reserved. What has been said in respect to the eighteenth ground in the assignment, therefore, is applicable to and condemnatory of this ground.

[Stowers Furniture Co. v. Brake.]

The question propounded to the witness Strickland, "What did the constable tell you, that it had or had not been done?" is hardly sufficiently intelligible to justify putting the court in error for sustaining an objection thereto. Besides, the question is a leading one. Consequently the thirtieth ground in the assignment of errors is not well taken.

The thirty-first ground in the assignment is without merit. It is conceded in this case that the writ under which the officers seized the goods was void, and afforded them no protection, even if the goods had been taken in a peaceable manner; but, if it had been valid, it would not have protected them against the consequences of conduct which the evidence for the plaintiff tends to show they were guilty of in this instance. They were liable for a trespass, and, it may be, for heavy damages The question is, should the defendant be held liable?

The defendant's general manager, upon being notified by the officer that he had gained entrance to the house, and that, if he (the manager) would send a wagon over there, he could get the furniture, sent two of defendant's servants with a wagon; and the proof shows that these servants went into the house, took possession of the furniture, put it on the wagon, and carried it to the defendant's store, where it was retained even after the general manager was notified, the same night in which the goods were received, of the bad manner or conduct which characterized the parties in the seizure of the goods, and after demand was made by plaintiff for their return. On this phase of the evidence, the liability of the defendant was at least a question for the jury to determine, on the theory of ratification, if upon no other; and the charge numbered 17 was properly refused to the defendant.—*Burns v. Campbell*, 71 Ala. 273, 290; *Murray v. Mace*, 41 Neb. 60, 59 N. W. 387; 43 Am. St Rep. 664.

Furthermore, the process in the hands of Reynolds was void on its face, and the evidence tended to show that it was at the instance of the defendant the property was seized thereunder. In this state of the case the defendant was a trespasser in no less degree than was the constable.—*Duckworth v. Johnson,* 7 Ala. 578; *Stetson v. Goldsmith,* 30 Ala. 603; *Oates v. Bullock,* 136 Ala. 537, 33 South. 835, 96 St. Rep. 38.

There can be no doubt that the bill of exceptions shows that the charges of the defendant were requested in bulk; and, even one of them being bad, the court cannot be put in error for refusing all, nor for refusing to grant a new trial on the ground of error in their refusal. (*Verberg's Case,* 137 Ala. 73, 78, 34 South. 848, 97 Am. St. Rep. 17; *Southern Ry. Co. v. Douglass,* 144 Ala. 351, 39 south. 268) ; and, this being true, the grounds of the motion for a new trial, based on the refusal of the written charges, were not well assigned.

The motion for a new trial contains, amongst others, two grounds (37 and 38) purporting to be based upon parts of the oral charge of the count. These grounds do not explicitly point out such portions of the charge, so as to bring them before us for review. However, looking to the oral charge, which is set out in full, we find the portions which seem more clearly to support the grounds set out on page 54 of the record; and these portions, at least abstractly considered, are without fault. Moreover, no exceptions thereto were reserved.

The only question for consideration is whether or not the verdict for $1,500 is excessive. There can be no doubt, on plaintiff's theory of the case (and such theory finds support in the evidence), that Reynolds and Denegre, the persons who seized the goods, if they had been sued, would have been liable in exemplary damages. There is no plea of justification, and it is conceded that the writ under which the constable professed to act was

void. The defendant was the cause of this void writ be-
ing placed in the hands of the officer for ex-
ecution. Moreover, there is one phase of the evidence
which warrants the inference of ratification of the seiz-
ure of the goods; and by this we mean that there is a
tendency in the evidence to show that defendant received
and retained the goods with knowledge of the circum-
stances which attended their seizure. In this view of
the case, it cannot be said that the doctrine of exem-
plary damages is not applicable.—*Lee v. Lord,* 76 Wis,
582, 45 South. 601; *Lienkauf & Strauss v. Morris,* 66 Ala.
406; *Street v. Sinclair,* 71 Ala. 110. This being true, it
was in the discretion of the jury to award exemplary
damages, and it is evident that they so did. We cannot
say that the verdict is excessive.

No reversible error being shown by the record, the
judgment will be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., con-
cur.