# Birmingham Ry. L. & P. Co. *v.* Scisson.

### *Injury to Passenger.*

#### (Decided April 2, 1914. 65 South. 332.)

1. *Carriers; Passengers; Injury; Complaint.*—The complaint examined and each count held to sufficiently state a cause of action by a passenger against a carrier for a failure to carry in accordance with the contract.

2. *Same; Instructions.*—As trial courts cannot be required to charge that there is or is not evidence of a particular kind, or evidence of a given fact, the court will not be put in error for refusing to charge that there was no proof of any wanton, willful or intentional misconduct in this case.

3. *Charge of Court; Directing Verdict.*—Where there is ample evidence to support a verdict and judgment for plaintiff under the complaint, if believed by the jury, the court cannot direct a verdict for defendant.

APPEAL from Birmingham City Court.

Heard before Hon. John H. MILLER.

Action by Lena E. Scisson against the Birmingham Railway, Light & Power Company for damages suffered while a passenger. Judgment for plaintiff and defendant appeals. Affirmed.

The first count alleges the relationship of passenger and carrier, and the payment by plaintiff of her fare from Fourth avenue and Nineteenth street to East Lake, and that defendant negligently failed to carry plaintiff a great part of the way, wherefore she suffered injuries and damages. The second count alleges the same relation, and that defendant was operating several lines by different routes which crossed each other in a part of Birmingham, known as Woodlawn, one of said lines going to East Lake, and the other going to Gate City; that plaintiff was in the business portion of Birmingham, and, desiring to go to East Lake, boarded a Gate City car, paid her fare to defendant's conductor, and re-

quested at the same time a transfer to East Lake, the conductor agreeing thereto, but when plaintiff reached the crossing point and transfer point, and after she had paid her fare, defendant's conductor refused to issue her a transfer or check or other evidence, and that plaintiff had no more money with her, and was compelled to walk to her destination, about 13 blocks, carrying a two year old child, wherefore her injuries.

Charge 6 is: No verdict by way of punishment can be returned against defendant in this case. (7) No proof of any wanton, willful, or intentional misconduct.

TILLMAN, BRADLEY & MORROW, and T. A. McFARLAND, for appellant. The court erred in overruling defendant's demurrers to each count of the complaint.— *Kelly v. N. Y. C. R. Co.*, 84 N. E. 569; 77 Pac. 495; 96 Pac. 520; 25 Am. Rep. 250. On these authorities, the court was in error in refusing the charges requested.

HARSH, BEDDOW & FITTS, for appellee. There was no error in overruling demurrers to the first count.—32 Atl. 685; 66 Atl. 60. The second count is also good.— 74 O. St. 225; 103 Minn. 362; 122 Am. St. Rep. 631; *So. Ry. v. Nowlin*, 156 Ala. 222; 40 Am. St. Rep. 308; *Mont. T. Co. v. Fitzpatrick*, 149 Ala. 511. On these authorities, it must be held there was no error in the charges refused.

MAYFIELD, J.—There was no error in overruling the demurrer to each count of the complaint. Each count stated a cause of action by a passenger against the carrier, for a failure to carry in accordance with contract.

There was ample evidence to support a verdict and judgment for plaintiff, if believed by the jury. The gen-

eral affirmative charge for the defendant was therefore properly refused.

Trial courts cannot be required to charge that there is, or is not, evidence of a particular character or evidence of a given fact. For this reason there was no error in refusing charge 7, requested by the defendant.

Charge 6 was calculated to mislead the jury, and was properly refused.

We find no reversible error in the record, and the judgment of the trial court must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.

