# Louisville & Nashville R. R. Co. *v.* Jones.

### *Injury to Passenger.*

(Decided November 4, 1915. 70 South. 133.)

1. *Evidence; Hearsay; Res Gestae.*—Where the action was by a passenger for injuries resulting from the negligence of the railroad company in failing to heat its waiting room, and in allowing it to become flooded with water which caused the passenger to contract a cold, a question as to whether a witness heard the passenger complaining of sickness, after he returned, was not erroneous as calling for the narration of a past condition; the question being as to the declarations of the passenger as to his condition at the time of the declaration.

2. *Trial; Objections to Evidence; Motion to Strike.*—Where the question itself did not call for illegal testimony, but the answer was illegal, the proper practice is to move to strike such illegal answers, and error cannot be predicated on the overruling of objections to the question.

3. *Charge of Court; Abstract.*—Where the action was by a passenger for injuries for cold contracted in an unheated waiting room which was also flooded with water, and the first count predicated negligence on the failure to heat alone, and there was no evidence that such failure was the result of an accident, a charge that if the passenger suffered his damages as the proximate consequence of accident, the verdict should be for defendant, was abstract and properly refused.

4. *Same; Applicability to Pleading.*—Where simple negligence only was pleaded, a charge asserting that no damages could be allowed to punish the railroad company, is inapplicable to the pleading, and properly refused as tending to mislead.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by W. A. Jones against the Louisville & Nashville Railroad Company for damages for injury suffered while a passenger. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Act 1911, p. 449. Affirmed.

The facts and pleadings sufficiently appear from the opinion. The following charges were refused to defend-

ant: (5) The court charges the jury that, if you believe from the evidence in this case that plaintiff suffered his alleged damages as a proximate consequence of a mere accident, you must find for defendant.

(3) You cannot award the plaintiff any damages for the purpose of punishing defendant.

TILLMAN, BRADLEY & MORROW, E. L. ALL, and J. A. SIMPSON, for appellant.

GOODWYN & ROSS, for appellee.

GARDNER, J.—The complaint in this case contained two counts, the first charging negligence of the defendant in failing to use due care to keep the waiting room for passengers at its depot at Cullman, Ala., properly heated; and the second count the same as the first, except that it alleges, in addition to the negligence charged in count 1, that defendant also negligently allowed a large quantity of water to accumulate and remain upon the floor of the waiting room. The plaintiff purchased a ticket at Cullman to Birmingham over the railway of defendant, and the train upon which he was to depart, due between 1 and 2 o'clock in the morning, being several hours late, he waited for its arrival at said depot. It was the night of November 19, 1913, and there is evidence that the weather was cold. Testimony of plaintiff tended to show that the waiting room was unheated, to which fact the attention of the ticket agent was directed but without avail; and that, in addition to the room being cold, water from the toilet stood on the floor during the time plaintiff was at said depot. Plaintiff complains that by reason of the condition of the waiting room he was made sick, contracted a severe cold, lost time from his work, etc., and hence this suit.

(1, 2) Plaintiff had been at work in a mine in Jefferson county, and while absent at Cullman on a visit of a week one L. C. Jones worked in his place. Said Jones, witness for plaintiff, was asked on redirect examination: "Mr. Jones, I will ask you whether or not you heard him complaining, when he got back, from sickness."

The objection of defendant to the question was overruled, and this constitutes the first assignment of error.

It is conceded by counsel for appellant, as we understand the brief, that it is settled in this state that the declarations of a sick person relative to the symptoms and nature of the disease or injury under which he is laboring (the physical condition being a matter material to be proved) are admissible, when limited to the existence of pain or suffering, at the time they are made, but do not extend to rehearsals or narration of past conditions or sufferings. Nor does the rule extend to declarations as to the cause of the pain or suffering.—*Western Steel Car Co. v. Bean,* 163 Ala. 255, 50 South. 1012; *Stowers Furn. Co. v. Brake,* 158 Ala. 639, 48 South. 89; *Phillips v. Kelly,* 29 Ala. 628.

The plaintiff testified that he became sick to such an extent that he could not work for several days after he returned home, and he went back to work before he was well. In answer to the above-quoted question, the witness answered: "Well, when he came in he told me he had been sick."

The insistence is made that the inquiry and answer related to past conditions as to sickness, etc., and therefore do not come within the above-recognized rule. Whatever may be said as to the answer of witness in this respect, we are of the opinion that such is not the case as to the question itself, and the answer is not before us for review. The question may be reasonably construed to have reference to the declaration of the plaintiff as to

his condition existing at the time it was made, and was not subject to the objections interposed. If the answer was illegal or was otherwise objectionable, the remedy was to move to exclude the same.—*McDonald v. Wood,* 118 Ala. 589, 24 South. 86; *Coghill v. Kennedy,* 119 Ala. 641, 24 South. 459; *Stowers Co. v. Brake, supra.* No such motion or objection was interposed. Reversible error cannot therefore be predicated upon the action of the court in overruling the objections to the question.

(3) The refusal of charge 5 was not reversible error. In support of the charge we are cited by counsel to *Williams v. Anniston Elec. Co.,* 164 Ala. 84, 51 South. 385.

The only phase of the evidence which counsel for appellant insists might have any relation to what may be termed an "accident" is that in reference to the overflow of water from the toilet. We by no means intend any indication that we concede any of the evidence as to the overflow of water to have a tendency to show any accident. Rather our inclination is strongly to the contrary However that may be, count 1 rested for recovery only upon the negligence as to the unheated condition of the waiting room, and as to this phase of the case it is not insisted that there is any evidence tending to show an accident. In any event, therefore, the charge ignored that phase of the evidence under count 1 on which plaintiff might have been entitled to recover, and as to said count the charge was clearly abstract.—*Ala. Steel, etc., Co. v. Thompson,* 166 Ala. 460; 52 South. 75.

(4) Both counts of the complaint set up simple negligence only, there being no averment as to wanton or willful injury. Charge 3 was therefore calculated to mislead the jury, and its refusal does not constitute reversible error, as was held in *B. R. L. & P. Co. v. Scisson,* 186 Ala. 70, 65 South. 332, though there would have been no impropriety in giving it.

No reversible error appearing in the record, the judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.