# Kansas City, Memphis & Birmingham Railway Co. *v.* Matthews.

*Action against Common Carrier for Damages for Personal Injury causing Death.*

1. *Pleading; what allegations sufficient to show that suit is in representative and not in individual capacity.*—Where the caption of the complaint states the name of the plaintiff as "F. M. administratrix of the estate of W. M. deceased," but the six counts of the complaint as originally filed allege in some that "the plaintiff as administratrix of the estate of W. M." sues, etc., and in others that "the plaintiff, as aforesaid (that is as such administratrix) claims," etc., and said complaint is subsequently amended by adding thereto a 7th count, the plaintiff having moved in her representative capacity for leave of the court to add this count and such leave having been granted to her in that capacity, and the plaintiff alleges in said count that "her intestate" was a passenger, etc., and that "her intestate" was thrown from the train, etc., said count although merely alleging that "the plaintiff claimed of the defendant" the sum sued for, sufficiently shows that said suit is instituted by the plaintiff in her representative capacity and not her individual capacity, and that this is so even though all the other counts in the complaint were either held bad on demurrer, or the general affirmative charge given against them.

2. *Same; for what purposes counts in the complaint · charged against are still considered a part of the complaint.*—Counts in a complaint against which the general affirmative charge has been given are still considered in the complaint for all the purposes of showing the capacity in which plaintiff sues.

3. *Action for personal injuries against common carrier; what allegations in complaint sufficient to state cause of action.*—A count in a complaint for personal injuries resulting in death which alleges that the plaintiff's intestate was a passenger on the railroad of the defendant and that said intestate as such passenger was through and by the carelessness and negligence of the· defendant's servants, agents, or employees,

[Kansas City, Memphis & Birmingham Railway Co. v. Matthews.]

violently thrown from the train and so greatly injured, etc., by the injuries thus sustained that he never recovered therefrom but soon after died on account of said injuries, states a cause of action.

4. *Same; what defects in complaint not noticed on appeal.*—Although said count does not in terms aver that the injury resulted from the defendant's negligence, nor that the servants from whose negligence the injury is alleged to have resulted, were in charge of the train, or the like, no assignment of demurrer having specified this objection to the count, said defect will not be noticed on appeal.

5. *Same; when not necessary to aver quo modo of -the infliction complained of.*—Where the complaint shows the duty of carrier by defendant to intestate and that he was injured by negligence on the part of the carrier's servants for which defendant was responsible an allegation in the complaint that decedent "was violently thrown from the train" is a sufficient allegation of the *quo modo* of the infliction."

6. *Same; when not necessary to describe in complaint the character of injuries suffered by decedent.*—Where the suit is instituted by a personal representative to recover damages for injuries causing the death of her intestate, it is not necessary to describe in the complaint the character of the injuries received by said intestate, it being sufficient to show causal connection between the injuries complained of and the death.

7 *Same; when affirmative charge is properly refused.*—Where there is evidence tending to prove the allegations of the complaint the affirmative charge for the defendant is properly refused.

8. *Same; contributory negligence; not negligence as a matter of law to alight from a running train in the night time and at at a dark and unlighted place.*—It is not negligence as a matter of law for a passenger to alight from a train running two or three miles an hour and at a dark and unlighted place. The question of negligence *vel non* is one of fact for the jury.

9. *Same; same; same.*—Even though so alighting from a moving train might involve some risk to so alight does not as a matter of law constitute negligence; it being a question of fact for the jury whether or not the risk involved was such as a man of ordinary care and prudence would take under the circumstances.

10. *Same; same; when evidence of complaints of the injured person as to his hurts admissible.*—In an action against a carrier

[Kansas City, Memphis & Birmingham Railway Co. v. Matthews.]

for negligently ·injuring plaintiff's intestate, which injuries are alleged to have resulted in death, and where more than eight months intervened between the date of the infliction of the injuries and the death of the intestate, and where it is a question of fact as to whether the said death was the result of said injuries or was caused by disease, evidence of deceased's complaints of hurts attributable to the alleged negligence of the defendant made throughout the time intervening between the infliction of the injuries and the death are properly admitted by the court where such evidence is confined by the court to the expressions in respect of current conditions to the exclusion of narration of past conditions and of the causation of the present conditions complained of.

11. *Same; evidence; inability of deceased to perform manual labor after he was hurt admissible.*—In such case testimony of the deceased's wife that her husband was never able to do any manual labor after he was hurt is properly admitted.

12. *Variance; what constitutes variance between the averments and the proof.*—One count of the complaint for personal injuries resulting in the death of the plaintiff's intestate, alleged that plaintiff's intestate "was violently thrown from the train and so greatly injured," etc., etc. The proof tended to show that said intestate voluntarily stepped off the moving train on to the station platform, lost his footing and fell, receiving the alleged injuries; *Held*: that there is not a fatal variance between the allegations of said count and the proof, but that the evidence substantially supports the averment which is sufficient.

13. *Contributory negligence; attempting to alight from a moving train on the left foot the train moving to the left not negligence as a matter of law.*—It is not negligence as a matter of law for a person to attempt to leave a moving train on his left foot when the train is moving to the left. It a question of fact for the jury to determine whether or not under such conditions a man of ordinary prudence would have made the attempt.

14. *Action for personal injury resulting in death; charges; abstract and argumentative charges should be refused.*—If the facts hypothesized in a charge are abstract and the charge is argumentative said charge is properly refused.

15. *Same; same; when refusal to give proper charge error without injury.*—If a proper charge requested of the court by the defendant is refused but another charge to the same effect is

given by the court at the request of the defendant the error is cured.

16. *Same; same; when charges as of contributory negligence properly refused.*—Written charges requested by the defendant upon contributory negligence which fail to hypothesize that said negligence in point of fact contributed to the injury complained of, are bad.

17. *Same; same; what improper charge in reference to cause of death of injured person.*—In an action for personal injuries resulting in the death of the injured person, where the accident took place in November, 1899, and the death occurred in July, 1900, a charge to the effect that if the jury believe from the evidence that the death of the plaintiff's intestate was caused directly by disease occurring after April 1, 1900, then they must find for the defendant, is bad, in that it fails to negative the fact that the disease was caused by or was the result of the accident.

APPEAL from Circuit Court of Marion.

Tried before Hon. ED. B. ALMON.

Action by Florence Matthews, administratrix of the estate of Walter H. Matthews, deceased, against appellant to recover damages for personal injuries to her decedent causing his death.

The 7th count of the complaint is set forth at length in the opinion. Defendant demurred to that count of the complaint upon the following grounds: (1). For that the count is vague, uncertain and indefinite. (2). For that the count does not show any causal connection between the intestate's death and the alleged negligence of the defendant. (3). For that it is not averred or shown that defendant's agent knew that said intestate was in the act of getting off of said train. (4). For that it does not appear that defendant or its employees violated any duty which defendant owed said intestate. (5). For that it is not averred or shown that said intestate died as a proximate result of the negligence of the defendant. (6). For that the injuries sustained by said intestate are not shown. (7). For that it appears that said intestate undertook to leave a moving train, and that he was thereby guilty of negligence which proximately contributed to his death. (8). For that it is

not shown wherein defendant or its agent was negligent. This demurrer was overruled by the court.

The 5th Plea of the defendant is as follows: "For further answer to the said complaint and each count thereof, separately and severally, the defendant says that the plaintiff's intestate was guilty of negligence which proximately contributed to the injuries received by him, and such contributory negligence consisted in this: The plaintiff's intestate alighted from a moving train in the night time in a dark and unlighted place without requesting that the train be stopped for him to alight."

The evidence tended to show that the plaintiff's intestate attempted to leave the train of the defendant while the same was in motion; that said attempt was made in the night time at one of the stations on the defendant's road, and at the station where said attempt was made there were no lights and it was dark. In making said attempt the plaintiff's intestate fell or was thrown between the platform of the station and the cars and was thereby injured. The accident took place on the 10th day of November, 1899, and the plaintiff's intestate died on the 12th day of the following July. There was conflict in the evidence as to whether his death was caused by the accident or whether it was the result of natural causes.

The defendant requested the court to give to the jury among others, the following written charges, which the court refused to give: (3). "The court charges the jury that no one has the right to leap from a moving train in the night time at an unlighted place because he is being carried beyond his destination with the expectation of claiming from the railroad damages for any injury he may sustain. His duty is to remain aboard and demand redress for the injury that may be done him." (5). "If the jury find from the evidence that W. H. Matthews alighted from defendant's train at Guin in the night time at a dark and unlighted place without requesting that the train be stopped for him to alight, then the verdict of the jury must be for the defendant on all the

counts of the complaint which charge simple negligence only." (7). "If the jury find from the evidence that W. H. Matthews negligently got off or negligently attempted to get off defendant's train at Guin while said train was in motion and was thereby injured, the verdict of the jury must be for the defendant on each count of the complaint." (9). "If the jury believe from the evidence that the defendant's train was stopped at Guin a sufficient time to allow W. H. Matthews in the regular and orderly way to alight therefrom and that said Matthews delayed leaving the train until it had started again, and that as he was about to alight from the train he was cautioned by some passenger or other person that the train was running too fast and that he had better wait, and that notwithstanding such caution, if any, he yet attempted to alight from the train while it was so moving and was injured by falling or being thrown from said train, then he cannot recover on any count in the complaint which charges simple negligence." (10). "If in attempting to alight from defendant's train under the circumstances shown by the evidence in this case, W. H. Matthews failed or omitted to do what a reasonably prudent man would have done under similar circumstances, then he was guilty of contributory negligence which will bar any recovery in this case." (11). "The court charges the jury that if it be true that Matthews supposed that he was at his station and the defendant company gave him no sufficient opportunity to get off of the train at his destination, and he had been carried beyond it, the conductor would have been bound on his demand to stop his train and return and put him off at his station, or failing therein the defendant would have been liable in damages for having carried him beyond his destination." (14). "If the jury believe from the evidence that the death of the plaintiff's intestate was caused directly by disease occurring after April 1, 1900, then they must find for the defendant." (15). "The argument is not sound which seeks to trace the immediate cause of the death of W. H. Matthews through the previous stages of physical suffering and months

of disease and medical treatment to the original accident on the railroad."

The court refused to give to the jury the charges above set out and to such refusal to give each of said charges the defendant separately and severally excepted. The court at the request of the defendant gave to the jury, among others, the following written charge:

(46). "If the jury find from the evidence that W. H. Matthews negligently got off or negligently attempted to get off defendant's train at the depot in Guin while said train was in motion and the injuries he suffered were thereby caused, then the verdict of the jury must be for the defendant."

There were verdict and judgment for the plaintiff assessing her damages at $10,000.

The other facts sufficient for an understanding of this case are stated in the opinion.

WALKER, TILLMAN, CAMPBELL & WALKER, for appellant.

The demurrer to the 7th count should have been sustained.—*Laughtan case,* 21 So. R. 416; *Armstrong case,* 26 So. R. 351; *Lampkin case,* 106 Ala. 290. The defendant's plea No. 5 was a good plea to present the defense of contributory negligence.—*Johnson case,* 123 Ala. 197; *Lee case,* 97 Ala. 325; *Holmes case,* 97 Ala. 337; *Watkins case,* 120 Ala. 152. That the 7th count did not show properly the plaintiff's right to sue.—*Lucas case,* 94 Ala. 616. The plaintiff's intestate was guilty of contributory negligence.—*Lee's case,* 97 Ala. 325; *Holmes case,* 97 Ala. 337; *Schaufler's case,* 75 Ala. 142. That there was a variance between the allegations of 7th count and the proof.—*Schaufler's case,* 75 Ala. 136. That no causal connection between the injury and cause of death is shown.—*Mutch case,* 97 Ala. 196; *Scheffer case,* 105 U. S. 249; *Armstrong case,* 123 Ala. 248. That it was not competent for plaintiff to show complaints of suffering by her intestate.—*Henderson case,* 89 Ala. 521; *Pearson's case,* 97 Ala. 211; *Bailey's case,* 112 Ala. 177; *Orr's case,* 91 Ala. 553; *Buckalew's case,* 112 Ala. 158; *Reed's*

[Kansas City, Memphis & Birmingham Railway Co. v. Matthews.]

*case,* 45 N. Y. 574; *Kennedy's case,* 130 N. Y. 654; *Roche case,* 11 N. E. Rep. 630. That there is a distinction to be made between utterances which are the natural expressions or exclamations of pain and those statements not made to a physician for the purposes of treatment which are descriptive of pain; and that the latter are hearsay and not admissible.—*Hale's case,* 90 Ala. 8; *Roche case,* 11 N. E. Rep. (N. Y.) 630; *Kennedy's case,* 29 N. E. Rep. 141; *Leach case,* 30 N. E. Rep. 163; *Williams case,* 37 L. R. A. (Minn.) 199; *Davidson's case,* 30 N. E. Rep. 576; Gillett on Indirect Evidence, Sec. 270. That it is contributory negligence for a man to get off of a moving train at a dark and unlighted place without asking that the train be stopped and to avoid being carried by his destination.—*Lee's case,* 97 Ala. 325; *Holmes case,* 97 Ala. 332; *McDonald case,* 110 Ala. 179.

DANIEL COLLIER AND FRANK S. WHITE & SONS, *contra.* Evidence of complaints of suffering admissible.—*Armstrong's case,* 123 Ala. 248; *Phillips v. Kelley,* 29 Ala. 632; *Western Union Telegraph Co. v. Henderson,* 89 Ala. 521; *Helton v. Alabama Midland R. R. Co.,* 97 Ala. 282; *Birmingham, etc. R. R. Co. v. Hail,* 90 Ala. 10; *Wilkinson v. Moseley,* 30 Ala. 526. The 7th count shows plaintiff sued in representative capacity.—*Watson v. Collins,* 37 Ala. 590; *Lucas v. Pittman,* 94 Ala. 616; 3 Mayfield's Digest, page 74. Affirmative charge ought not to have been given on the 7th count.—*Alabama Midland R. R. Co. v. Johnson,* 123 Ala. 201; *Montgomery & Eufaula R. R. Co. v. Stewart,* 91 Ala. 424; *Highland Ave. R. R. Co. v. Winn,* 93 Ala. 308; *Gonzales v. New York Central,* 1 J. P. 57; Volume 2 Rap. & Mack. Digest, page 264; *Smith v G. P. R. R.,* 88 Ala. 529; *R. & D. R. R. Co v. Smith,* 92 Ala. 238; *Highland Ave. R. R. Co. v. Burt,* 92 Ala. 294. It was not necessary to aver the *quo modo* of the infliction complained of.—*Ensley R. R. Co. v. Chawning,* 93 Ala. 26. The 7th count was sufficient.—*M. & O. R. R. Co. v. George,* 94 Ala. 214; *Armstrong v. Montgomery Street Railway,* 123 Ala. 236. The demurrer did not specify the objection to the 7th count and was therefore

20c

[Kansas City, Memphis & Birmingham Railway Co. v. Matthews.]

properly overruled.—*M. & L. R. R. Co. v. Chambliss,* 97 Ala. 307; *Brewers case,* 121 Ala. 57.

McCLELLAN, C. J.—The only caption of the complaint was that under which the original counts were written. To these several other counts were added but without further statement of the caption. This caption is as follows: "Mrs. Florence Matthews, Administratrix of the estate of Walter H. Matthews, deceased, versus The Kansas City, Memphis and Birmingham Railroad Company, a corporation." There were six counts in the complaint as originally filed. In the first, fifth and sixth counts, the capacity in which plaintiff sues is thus stated: "The plaintiff, as administratrix of the estate of Walter Matthews," etc., etc. In the second, third and fourth counts the capacity is shown by this averment: "The plaintiff as aforesaid (i. e. as such administrator) claims" of the defendant, etc., etc. Thus the complaint stood undoubtedly as a suit by Mrs. Matthews in her capacity as administratrix of the estate of Walter H. Matthews, deceased, when she as such plaintiff asked leave to amend the complaint by adding thereto count 7. Upon this request the court's order is this: "Florence Matthews, as administratrix of W. H. Matthews, deceased, v. Kansas City, M. & B. R. R. Co., February 5th, 1901. Damages. Leave granted plaintiff to file additional count No. 7 submitted on demurrers, and continued." This amendment to the complaint is in the following language: "7th count. The plaintiff claims of the defendant the further sum of thirty thousand dollars damages, for that whereas, on, to-wit: the 10th day of November, 1899, her intestate, the said Walter H. Matthews, was a passenger on the railroad of the defendant, which was railway corporation for the transportation of freight and passengers, on one of the passenger trains of defendant from Birmingham to Guin, Ala., the plaintiff alleges that on said date her intestate as such passenger was through and by the carelessness and negligence of the defendant's servants, agents or employees, violently thrown from the train, at or near said Guin, Ala., and so

greatly injured, bruised, hurt and shocked by the injury thus sustained, that he never recovered therefrom, but soon thereafter died on account of the said injuries." This count 7 thus became an integral part of a complaint which in its other six counts affirmatively and directly showed that plaintiff was suing in her representative capacity. In that capacity she moved for leave to add this count and to her in that capacity leave was granted. This count, moreover, by its own terms shows in a way that the plaintiff is therein claiming damages in her representative capacity : It avers that "her intestate" was a passenger, etc., etc., and that 'her intestate,' was thrown from the train, etc., etc. So long as other counts remained in the case, it was not suggested by defendant that this count was not filed and prosecuted by the plaintiff in her representative capacity. A demurrer was interposed to it, but thereby no objection was made for departure or in other respect upon any theory that it set forth a claim in the plaintiff's individual capacity. No motion to strike it was made. But on the trial after some of the other counts had been eliminated on demurrer sustained, and the affirmative charge with hypothesis had been given for defendant as to all the rest except this count 7, the affirmative charge was requested against it also ; and one of the arguments here made in support of the exception to the court's refusal of that request is that the complaint—viz., this count 7—claims damages for the plaintiff as an individual, while the proof, if it makes any case for recovery, shows a right of recovery in the plaintiff as administratrix only. The position is not tenable. Several of the counts which stood the attack of the demurrers but as to which the general charge was given for defendant, averred unequivocally that plaintiff sued as administratrix. Though charged against they were still in the case for all the purposes of showing plaintiff's capacity. And upon this with the other considerations to which we have adverted, we hold that in this count 7, the plaintiff sues as the personal representative of Walter H. Matthews, deceased.—*Lucas V. Pittman,*

94 Ala. 616; *Louisville & Nashville Railroad Company v. Trammell,* 93 Ala. 350.

This count by its averment that the intestate was a passenger on defendant's train shows a duty resting on defendant to safely carry him. It shows too that the defendant did not safely carry him. There was need to show but one thing else in the sufficient statement of a cause of action. That thing was that the failure to carry him safely was due to the negligence of defendant's servants. It is immaterial who the negligent servants were or what their particular stations or duties in the service were. The intestate having been injured by the negligence of a servant of the defendant, according to the averment, it is all the same as respects the rights of intestate's estate and the liability of the defendant whether the negligent servant was a trainman, or a trackman, or a station man, or what not. The negligent act of a servant of the carrier whereby a passenger is thrown from the carrying train and injured is necessarily an act in and about and having a bearing (very decided indeed) upon the carriage of the passenger, and as the act cannot be said to be negligently done unless the doing of it involves remission of duty on the part of the servant owed to the passenger, the charge here is essentially none other than that through the neglect of duty due the passenger from defendant's servant the passenger was violently thrown from the train, etc., etc. The carrier assumes to the passenger the duty of protecting him from the negligent acts—pretermissions of duty—of all its employes, and is liable upon any breach of this obligation. Hence our conclusion that the count states a cause of action though it does not in terms aver that the injury resulted from the defendant's negligence, nor that the servants from whose negligence the injury is alleged to have resulted were in charge of the train, or the like; and evidence having been adduced tending to show causal negligence on the part of defendant's trainmen, the defendant was not entitled to the affirmative charge on the contrary theory.—*M., K. C. M. & B. R. R. Co. v. Sanders,* 98 Ala. 307-8.

[Kansas City, Memphis & Birmingham Railway Co. v. Matthews.]

No assignment of the demurrer to this count specified the objection to this count which we have just consid-ered, and no assignment covered this point except perhaps one which was too general for consideration under the statute.

The count showing the duty of carrier by defendant to the intestate, and that he was injured by negligence on the part of the carrier's servants for which the defendant was responsible, it was not necessary for the *quo modo* of the infliction to be averred, certainly not with any more particularity than was used, viz.: that he "was violently thrown from the train." Where, as in this case, the injuries are alleged to have caused the death of the passenger, and damages are claimed by the personal representative for the death, it is not necessary to describe the character of the hurts as it is to some extent where death does not ensue and the injured party himself sues for the damages he has sustained. The damnifying fact here is the death, and beyond showing the causal connection between the wrong and that result a description of the injuries is not necessary, since the damages recoverable do not depend upon any other characteristic or consequence of the injury than its fatality. A very usual form of averment in this class of cases is that "the intestate was thereby so injured that he died;" and the fact that death did not ensue immediately upon the injury being inflicted can have no bearing to require a further description of it. The averment here is in effect that the intestate was so greatly injured, bruised, hurt and shocked by the injury he sustained from being violently thrown from the train that he never recovered from such injury, but soon thereafter died on account of it. This is an averment to common understanding that he died from the injuries sustained by being thrown from the train, and is sufficient.

It is not necessarily negligence for a passenger to alight from a running train even in the night time and at a dark and unlighted place. It depends upon the speed with which the train is running. It may be running so slowly as to be as safe to alight as if it were

standing stock still. And even if it were going faster than this, say two or three miles an hour, so that it would not be as safe to alight as if it were at rest, it cannot still be said as matter of law to be negligence to attempt to alight. It is a question for the jury. Plea 5 was therefore bad. With that plea in the case the jury would have been bound to find that intestate was guilty of negligence in alighting while the train was in motion, the slightest motion, though they might have believed that there was no danger from that motion in the act of alighting; or, finding even that the motion was sufficient to involve some risk, they might have found that it was such risk as a man of ordinary care and prudence would take under the circumstances. The danger from the motion, whatever it was, was not necessarily greater because the time was night and the place was dark and unlighted. The passenger may have known the place as well under those circumstances as any other. And to say the most those were also considerations for the jury. The demurrer to this plea was properly sustained.

More than eight months intervened between the date of the infliction of the injuries which plaintiff claims caused the death of her intestate and the date of his death. A prominent issue on the trial arose on the traverse of this claim. For the plaintiff it was sought to show that the injuries were of a serious and permanent nature, continuing unhealed and uncured to, and caused his death. For the defendant it was sought to show that the injuries were trivial in character and extent; that he had recovered from them long before his death, and that his death resulted from other and independent causes. To this issue, manifestly, the nature and extent of the intestate's injuries and their continued effect upon him, were of the same pertinency as if he had not died, but living, had himself sued for damages resulting from the injuries: the character, extent and continuance of the injuries constitute a chief matter of inquiry in the former case as well as in the latter; in the latter on the question of the amount of damages sustained by him,

and in the former on the question whether the injuries
caused his death, and thereby entailed damages recover-
able by his personal representative. Being thus the thing
under inquiry in this as in the case supposed, evidence
of his complaints of hurts, attributable to the alleged
negligence of the defendant, made throughout the inter-
vening time was properly received, confined, as it was,
by the court to expressions in respect of current condi-
tions to the exclusion of narration of past conditions and
of the causation of the present conditions complained of.
*Phillips v. Kelly,* 29 Ala. 628; *Western Union Telegraph
Company v. Henderson,* 89 Ala. 510; *Birmingham Union
Ry. Co. v. Hale,* 90 Ala. 8; *Roland v. Walker,* 18 Ala. 749.

The circuit court did not err in overruling defendant's
motion to exclude the testimony of Mrs. Matthews that
her husband, the injured man, was never able to do any
manual labor after he was hurt.—*South & North Ala-
bama Railroad Company v. McLendon,* 63 Ala. 266.

The exception to the court's refusal to give the affirma-
tive charge against count 7, requested by defendant is
sought here to be sustained on several grounds. One of
these, viz, that the suit is by the plaintiff in her individ-
ual capacity and the proof does not show any cause of
action in her individually, we have already adverted to,
and held untenable.

Another ground insisted upon is that there was no ev-
idence before the jury tending to show that intestate's
death was caused by his being thrown from the train to
which the complaint ascribes his death. It would serve
no good purpose to go into a discussion of the evidence re-
lating to this matter. It must suffice us to say that we
find that there was evidence adduced before the jury
tending to show that the fall from the train was the cause
or a proximately contributory cause of intestate's death.

Another insistence is that there was a fatal variance
between the averment of this count and the proof in re-
spect of the infliction of the alleged injuries upon Mat-
thews, the intestate,—in respect of the *quo modo* of their
infliction—in this, that while the court alleges that he
"was violently thrown from the train, and so greatly in-

jured," etc., etc., the proof is that he voluntarily stepped from the moving train onto the station platform, lost his footing and fell, receiving the alleged injuries. It is to be conceded that there is not in every sense precise correspondence between this averment and the proof. Intestate was not, strictly speaking, *thrown* violently *from* the train. He stepped from the train. But when he stepped from the train its motion had imparted a momentum to his body which when he set his foot on the platform threw him violently down. So that an accurate statement of the occurrence proved would be this: That intestate through the negligence of defendant's servants was by the motion of the train, as he attempted to alight, thrown violently to the ground and thereby so greatly injured, etc., that he died. In a sense being violently thrown down by the train as he was in the act of leaving it, was being thrown from it. It is probable on the evidence indeed, that the violence to his person which threw him down had its initial effect upon his body just as he set his foremost foot on the platform—the evidence shows that he did not jump with both feet, but that he stepped with his left foot—and started his fall while the other foot was yet on the step of the car. If this were so, it is entirely accurate to say that he was thrown from the car. We think the evidence substantially supports the averment, and that is sufficient.—*S. A. & A. P. Ry. Co. v. Gillum,* 30 S. W. 697; *T. P. Ry. Co. v. Williams,* 62 Fed. Rep. 440; *Hindman v. Timme,* 8 Ind. App. 416; *L. S. & M. S. Ry. Co. v. Hundt,* 140 Ill. 525; *C. H. & I. R. R. Co. v. Revalee,* 17 Ind. App. 657; *Moser v. St. P. & D. R. R. Co.* 42 Minn. 480; *Wilson v. Smith,* 111 Ala. 170, 176.

It is further insisted that the affirmative charge should have been given for defendant for that the evidence without conflict shows that Matthews was guilty of negligence which proximately contributed to his injury in attempting to get off the train when and as he did. We do not find this to be the fact. One phase of the evidence tends to show that his attempt to alight was made when the train had just started and was moving

very slowly, probably not beyond the rate of a mile or two an hour. Though it was night and the place was not lighted, the jury might have found that he knew precisely the nature and location of the platform, as he lived at that station and had frequent occasion to get on and off trains there; and there is no tendency of the evidence to show that he miscalculated his proposed footing on the platform. It was solely for the jury to say in view of this aspect of the evidence whether he was negligent in making the attempt to alight, as has been often decided. Nor, in our opinion, can it be said as matter of law that he was negligent in the manner of his attempting to alight, i. e., on his left foot, the train moving to his left. A train may be moving so slowly as to admit of this being done without danger, and on the evidence as to the speed or apparent speed of the train when the attempt was made, it was for the jury to say whether a man of ordinary prudence would have made the attempt.

Charge 3 refused to defendant is an apt illustration of the fact that much is said and properly said in the opinions of appellate courts which is not proper to be given in charge to juries. This excerpt from the opinion in *East Tenn. Va. & Ga. Ry. Co. v. Holmes,* 97 Ala. 332, is as applied to the case at bar, patiently abstract and argumentative; and the same is true of charge 11. Charge 5 was properly refused on considerations adverted to above having reference to the issue of contributory negligence *vel. non.*

If the court erred in refusing the 7th charge requested by the defendant, the error was cured by the giving of defendant's 46th charge which was in substance and almost literally identical with charge 7.

Charges 10 and 16 refused to defendant were bad for failing to hypothesize that intestate's negligence therein referred in point of fact contributed to his injury.

The evidential fact hypothesised in charge 9 as to Matthews being cautioned against making the attempt to alight did not demonstrate the negligence of such attempt: The question was still for the jury.

Judge Matthews' death may have been directly caused

by disease occurring months after his injury, but this disease may yet have been caused by the injury, and defendant would be liable for the death, the chain of causation starting with defendant's negligence and ending in Matthews' death.—*Armstrong v. Montgomery St. Ry. Co.* 123 Ala. 233. Charge 14 was therefore bad.

Charge 15 requested by defendant is a pure *express* argument.

We are not prepared to say that the verdict of the jury was so palpably against the evidence as to justify us in the conclusion that the court below erred in overruling the motion for a new trial.

Affirmed.

HARALSON, TYSON and DOWDELL, J.J., concurring.