[Western Steel Car & Foundry Co. v. Bean.]

# Western Steel Car & Foundry Co. v. Bean.

## Injury to Servant.

(Decided Nov. 18, 1909.—50 South. 1012.)

1. *Master and Servant; Injury to Servant; Contributory Negligence; Evidence.*—Where the action was by a servant for injuries caused by falling off a plank scaffold which he had ascended for the purpose of closing a steam valve and the defense was contributory negligence in that plaintiff failed to observe the dangerous condition alleged to have caused the injury, that he remained on the scaffold too long, and stepped on a loose plank when there were planks fastened thereon, evidence of the number of steam pipes, and of the surroundings, whether the place was hot or cold, whether there was much steam or vapor present, and whether plaintiff could see distinctly at the time and place of his injury, was properly admitted.

2. *Same; Safe Place to Work; Presumption.*—A servant has the right to presume that the premises of the master are safe to the work which he is engaged to perform, unless he is chargeable with some duty of seeing to the safety of the premises, or of remedying defects.

3. *Evidence; Declaration; Pain and Suffering.*—While the declarations of one injured, indicative of pain in actions for damages, are not limited to declarations uttered near the time of the injury but may be shown to have been made several months after the injury and even after suit brought, such declarations must be limited to the existence of pain or suffering at the time they are made, and cannot be permitted to extend to rehearsals of past conditions of suffering, nor to the declaration as to the cause of the pain or suffering.

4. *Same; Personal Injury; Declarations.*—Declarations of a plaintiff who sues for injuries, as to his suffering can be proven by his father to whom they were made just as if made to the physician treating him.

5. *Appeal and Error; Harmless Error; Evidence.*—Where the answer was that plaintiff complained every day of his leg and back hurting him, it was harmless error to overrule objection "what has plaintiff had to say about his injuries."

6. *Damages; Personal Injury; Excessive.*—The evidence stated and examined and held that a verdict of $1,600.00 damages was not excessive.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.,

[Western Steel Car & Foundry Co. v. Bean.]

Action by W. J. Bean, an employe, against the Western Steel, Car & Foundry Company, for damages to personal injury. Judgment for plaintiff in the sum of $1,600.00, and defendant appeals. Affirmed.

WILLETT & WILLETT, for appellant.—The burden of proof was on the plaintiff to show that there was a defect in the ways, works, machinery or plant of the defendant, and that on account of such defect, the plaintiff sustained the injuries complained of.—*L. & N. v. Binion,* 98 Ala. 570; *McDonald v. Montgomery St. Ry.,* 110 Ala. 161; *L. & N. v. Allen,* 78 Ala. 494. The plaintiff failed to do this, did not make out a prima facie case, and the court should have directed a verdict for the defendant and excluded the evidence for the plaintiff.—*Gulf C. C. Co. v. L. & N.,* 121 Ala. 621; *Talladega I. Co. v. Peacock,* 67 Ala. 262. The court erred in the admission of the evidence as to the conditions surrounding the place where plaintiff went, since it is nowhere alleged in the complaint that his injury was the proximate result of the existence of any steam pipe, smoke, or glare, or his inability to see, etc.—*Crawford v. The State,* 112 Ala. 1; *Redd v. The State,* 68 Ala. 492; *Whittaker v. The State,* 106 Ala. 30; *Bir. R. & E. Co. v. Clay,* 108 Ala. 234; *Shields, et al, v. Henry,* 31 Ala. 53; *L. & N. v. Sullivan T. Co.,* 138 Ala. 379. As to complaints of pain made by plaintiff to his father, the court erred in admitting the testimony.—*Phillips v. Kelly,* 29 Ala. 628; *K. C. M. & B. v. Matthews,* 142 Ala. 298. The court erred in giving charge G.—138 U. S. 483; 128 U. S. 91; 53 Fed 16. Counsel discuss motion for a new trial, but without citation of authority.

TATE & WALKER, for appellee.—The court did not err in declining to exclude the plaintiff's evidence, and in directing a verdict for the defendant.—2 Labatt, p. 1956.

The court did not err in reference to the evidence as to the surrounding places of injury.—*Curtis v. Parker,* 136 Ala. 217; 1 Elliott on Evi., sec. 192.

MAYFIELD, J.—Appellee was a servant of appellant, and sues to recover damages for personal injuries. The complaint contained four counts, but demurrers were sustained to the second and third, and no question is raised as to the pleadings; hence these counts need not be noticed.

The first count was clearly under the first subdivision of the employer's liability act (Code 1907, § 3910), and the fourth probably sought to recover on the common-law liability of the master to furnish the servant a safe place in which to work, though it contains some averments necessary to state a cause of action under the first subdivision of the employer's act. The gravamen of the action, in both counts, is that a certain plank in a platform, or gangway, used by the master in connection with his business, was warped, and would not on that account lie in its proper position; that in consequence of its being warped it was loose, and would move or rock about, and was unstable.

To these counts defendant pleaded the general issue, and special pleas setting up contributory negligence and assumption of risk by plaintiff. The trial was held upon all these issues, which resulted in a judgment for plaintiff in the sum of $1,600. From this judgment the defendant appeals, and assigns various errors, which will be treated separately so far as practicable and necessary.

The plaintiff, at the time of the injury, was at work for defendant as its servant in and about the foundry, and while so employed he was directed, or it became his duty, to ascend a ladder to the platform, about 30 feet

high, for the purpose of closing a valve, thereby cutting off the steam from a hammer, which was being operated by the defendant company. After he had cut off the steam, he started back to the ladder to descend; but before reaching the top of the ladder he stepped upon a plank which was warped, and on that account not stable, and it, not being fastened, turned with him as he stepped upon it, and threw him to the ground floor, a distance of about 30 feet, thereby injuring him. There was some conflict in the evidence as to whether this plank was a part of the scaffold, or whether it was merely a loose plank left on the scaffold. The scaffold was used for the servants to stand upon, and to approach the valve in question for the purpose of turning on or cutting off the steam from the hammer.

It is insisted by appellant that the court should have given the general affirmative charge for defendant, or have excluded plaintiff's evidence, upon the theory that plaintiff's evidence did not show that the al<sup>l</sup>eged defect, or warped plank, complained of, was a part of the ways, works, and machinery. There can be no doubt that the platform was a part of the ways, works, or machinery of defendant's plant, and the evidence, to say the most of it in defendant's favor, was in conflict as to whether the plank was a part thereof, or merely a loose plank left thereon.—*Virginia Bridge & Iron Co. v. Jordan*, 143 Ala. 603, 42 South. 73; *Buzzell v. Laconia Co.*, 77 Am. Dec. 212; *Weir's Case*, 96 Ala. 396, 11 South. 436; *Tuscaloosa Waterworks Co. v. Herren*, 131 Ala. 81, 31 South. 444; s. c. 150 Ala. 674, 40 South. 55; *Walch's Case*, 132 Ala. 490, 31 South. 470.

The questions propounded to the witnesses Foster, West, and Matthews, for the purpose of showing the number of steam pipes, and boilers, and other surround-

ings, at the place at the time of plaintiff's injury, whether it was hot, cold, or pleasant at the valve at the time of the injury, whether there was much steam or vapor present on the occasion of the injury, whether one could see distinctly at the time and place of the injury, were all proper and free from objections, and the answers to such questions were likewise proper, relevant, and admissible, and hence the court properly declined to exclude them. The defendant had pleaded contributory negligence, in that plaintiff failed to observe the dangerous conditions alleged to have caused the injury; that he remained upon the scaffold too long, that he stepped upon a warped plank when there was a smooth and level one, which was fastened, upon which he could have stepped and avoided the injury; that he negligently fell off the scaffold; that he negligently made a misstep, or did something else of like character; that he became dizzy while upon the scaffold, and in consequence thereof fell off. Hence all the evidence was proper, relevant, and material, to show the condition of the plank. with the attendant circumstances proper for the jury to consider in determining the questions and issues thus raised by the pleadings, and to show whether or not the plaintiff was guilty of contributory negligence which proximately resulted to his injury. Under some conditions he might have been guilty of contributory negligence, and under others not.

The evidence all tended to prove or disprove the issues on the trial; hence it was relevant, if it tended to do either. If the place was enveloped in steam escaping from the pipes or boilers, the steam would obstruct the plaintiff's vision; and if it was very hot at this point, on account of these pipes and boilers, such fact might impose a greater duty on the master to provide a safe platform—one that would be safe under these existing

conditions; for, if there was no smoke or steam present, the plaintiff might have observed the warped plank and have avoided it. For aught we can know from this record, the jury might have properly found the plaintiff to have been guilty of contributory negligence, but for this evidence; and as a matter of fact and truth he might have avoided the injury, but for the surrounding circumstances which prevented his being able to avoid stepping on the defective plank which threw him. The jury could not have correctly determined the issues raised by the defendant itself, without evidence of these conditions which surrounded and attended the plaintiff at the time and place of the injury. A part of appellant's evidence, on the direct examination of its own witnesses and by the cross-examination of the defendant's witnesses, was evidence intended to show that it was light at the time and place of the injury, and that plaintiff could or ought to have observed the warped plank, and have avoided it. Consequently the evidence in question was clearly relevant and proper in rebuttal of defendant's evidence tending to prove its pleas; but, as we have shown above, it was proper as original evidence on the part of plaintiff to disprove or avoid the defendant's pleas of contributory negligence.

Whatever is, or might have been, the rule of evidence in other countries and states as to the admissibility, relevancy, and competency of declarations and exclamations of a person injured, indicative or expressive of pain and suffering, in actions to recover damages, the rule is firmly settled in this state, by a long line of decisions, extending from the case of *Phillips v. Kelly,* 29 Ala. 628, down to, and probably beyond, *Matthews' Case,* 142 Ala. 311, 39 South. 207. The rule does not limit such declarations to those uttered at or very near the time of the injury, which could be said to be a part

of the res gestae; but it is extended to those made several months, and even years, after the injury, and even to those made after suit is brought. They are admitted upon the ground of necessity, and are probably the best mode, and sometimes might be the only mode, of determining whether pain or suffering was endured. These expressions of pain, and of the locality, nature, extent, and character of it, are usually admissible evidence. True, the rule allows an opportunity for simulation and the perpetration of fraud; but necessity and justice require it. The reality or simulation of such expressions is a question for the jury. The rule, however, has limitations. The declarations must be limited to the existence of pain or suffering at the time they are made, and do not extend to rehearsals or narrations of past conditions or sufferings; nor does the rule extend to declarations as to the cause of the pain or suffering.

It is insisted by appellant that the question and answer to which objections and exceptions were interposed in the present case were improper and did not fall within the rule, but were mere narrations of past conditions. The question probably would have called for an answer not within the rule, but the answer was strictly within the rule; hence no injury came to defendant on account of the question. The question was: "What has he (plaintiff) had to say about it (his injury)?" The answer was: "He complained every day of his leg, hip, and back hurting him."—*Montgomery Co. v. Shanks,* 139 Ala. 501, 37 South. 166; *Hale's Case,* 90 Ala. 8, 8 South. 142, 24 Am. St. Rep. 748, and authorities supra; *Bennett v. N. P. Co.,* 2 N. D. 112, 49 N. W. 408, 13 L. R. A. 465 and note.

Counsel for appellant attempt to distinguish the question at bar from the rule, in that the plaintiff offered to prove these declarations by the plaintiff's father,

and not by a physician, or by the plaintiff himself. We do not think this argument sound, or persuasive. The declarations, if admissible, can be proven by any one who heard them. It would be proper or appropriate to prove the declarations by the plaintiff or person who made them. If he were himself testifying as a witness, it would certainly be more appropriate for him to testify directly that he had been subjected to pain or suffering, to locate it, and to tell when and how long he suffered, than to testify to what he himself had declared about the pain or suffering. Counsel is therefore in error in supposing that the plaintiff, in the case of *Phillips v. Kelly, supra,* testified to the declarations. It was evidently some third party who testified to the declarations in that case. This is made certain by the opinion and the report of the case.

It might be error to allow the plaintiff to testify as to what he said or did on these occasions, indicative of pain. It would be better and more appropriate for him to testify whether or not he suffered pain, than to what he said about it. A third party is allowed to testify to the declarations indicating pain, though he is not competent to give his opinion as to whether plaintiff suffered pain. While the rule is, in some respects, different where the declarations are made to a physician who is examining the injured party, in that the physician in certain cases is competent to give an opinion as an expert as to whether a given injury would cause pain, when a person not a physician could not give his opinion on the question, and the declarations of a party injured, made to the physician who is examining and treating his injuries, may in proper cases be competent and proper to aid the physician in forming his own professional opinion as to the nature and character of the injuries and the pain and suffering consequent thereto,

yet the declarations of plaintiff in this case in question could be proven by his father, to whom they were made, as well as if made to the physician treating him.

We do not think there was error in the giving of charge G, requested by plaintiff, which was as follows: "The plaintiff had a right to assume that there was no defects in the ways, works, machinery, or plant of the defendant; nor was it his duty to be on the lookout for such defects." This charge, we think, is nothing more than the assertion by the court of a well-established proposition of law, announced by all the authorities on Master and Servant, and which has, in effect, if not in exact words, often been declared by this court as correct· It may be the duty of a servant to report defects to the master, which are known to the servant and not known to the master, and also to look out for defects, and to remedy them if they be defects, as to which he is charged with some duty to discover or remedy; but he is not charged with the duty of specially looking out for, or of remedying those defects as to which he is chargeable with no duty to either look out for or remedy. Of course, if he has actual notice or knowledge of a defect, though he is chargeable with no duty of looking out for or of remedying it he must then use care not to be injured thereby, and must report it to the master, unless the master is aware of it. But as to defects of which he has no knowledge, and concerning which he is chargeable with no duty, he may presume that they do not exist, that the premises are safe, and he need not specially lookout therefor.

Of course, the servant may be guilty of contributory negligence relating to such defects. One might be so obviously open and dangerous that a reasonably prudent person, situated as he was, would have seen it and

avoided the danger. Yet in such case the burden is on the master to show the contributory negligence. It is not shown by the mere fact that he was not at the time on the lookout for such defect. The servant at all times has the right to presume that the premises of the master are safe for the work which he is engaged by the master to perform, unless he is chargeable with some duty of seeing to the safeness of the premises or of remedying the defects. It is not shown to be any part of the duty of this plaintiff to look out for this defect, to see to the safety of the master's premises, or to remedy the defect. He, therefore, had the right to presume that the scaffold was safe, and was chargeable with no duty of being on the lookout for this defect; and this is all the charge asserts.—Labatt on Master & Servant, §§ 354, 355, and notes; *Davis' Case,* 92 Ala. 300, 9 South. 252, 25 Am. St. Rep. 47; *Osborne's Case,* 135 Ala. 575, 33 South. 687; *Bouldin's Case,* 121 Ala. 197, 25 South. 903; *Bakers' Case,* 106, Ala. 624, 17 South. 452.

While it was proper for defendant to prove, if it could, that the plank complained of was not a part of the scaffold, and was a mere obstruction, and therefore, not a part of the ways, works, and machinery, as alleged, yet it was not proper to prove this by the opinion of the witness West as to the purpose for which it was placed on the scaffold. This was not the proper inquiry. The plank might have been placed so as to form a part of the scaffold, no matter for what purpose or object so placed. Intent is usually an inferential fact, and, unless it is announced at the time the act is done, it is usually not susceptible of direct proof.—*Sharp v. Hall,* 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. The inquiry was one of fact, Did it not constitute a part of the ways, works, and machinery? and not, What was it intended to be used for? This could not and should not

control. However, if there was error in excluding this evidence, it was without injury, for it was shown without dispute that West and Foster merely testified that it was placed where it was to get it out of the way; but this did not show that it was not a part of the ways, works, and machinery.

We cannot say that the verdict was excessive in this case. The evidence tended to show that plaintiff was a young man, 21 or 22 years of age; that he was hurt; that his leg, hip, and back were injured; that he had a dead sensation in his leg up to the time of trial, a year or more; that he was in bed for more than six weeks from the inquiry; that he could not work for eight weeks; that his back had hurt him ever since the injury; that he had had headaches since the injury, which he did not have before; that his health was good before, but bad since the injury. Of course, some of these facts were disputed; but they were questions for the jury. It was undisputed that plaintiff fell a distance of 30 feet; that the fall rendered him unconscious, and caused him to bleed from the ear; and that the men present at the time thought he was killed. Hence, under this evidence, we cannot say that the verdict for $1,600 was excessive; and we think that the trial court properly refused the motion to set it aside and to grant a new trial.—*Lackey's Case,* 114 Ala. 152, 21 South. 444; *Bailey's Case,* 112 Ala. 167, 20 South. 313; *Farmers' Case,* 97 Ala. 141, 12 South. 86; *Reville's Case,* 136 Ala. 335, 34 South. 981; *Crowder's Case,* 130 Ala. 265, 30 South. 592.

The judgment of the lower court is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.