# Birmingham Railway, Light & Power Co. *v.* Gray.

### Injury to Passenger.

(Decided April 20, 1916.   71 South. 689.)

1. **Carriers; Passengers; Complaint.**—Counts charging simple negligence, and alleging that defendant was a common carrier of passengers, that plaintiff was a passenger, and that defendant so negligently conducted itself in and about her carriage thereon, that at a certain time and place plaintiff was thrown or caused to fall from the car, was sufficient.

2. **Evidence; Statement of Injured; Expressions.**—Expressions of pain, together with the locality, nature, extent and character of it, are usually admissible in an action for damages for personal injuries; but the rule does not include declarations as to the cause of pain or narrations of past conditions. Such declarations can be proven by anyone who heard them.

3. **Same.**—While it might be error to permit a person to testify as to what he said or did indicative of pain, it is proper for him to testify whether or not he suffered pain.

4. **Carriers; Passengers; Injuries; Instruction.**—Where the action was by a passenger for personal injuries, an instruction, hypothesizing the allegations of complainant, and asserting that if plaintiff was injured as alleg-

ed as a proximate consequence of defendant's negligence as alleged, and if defendant negligently closed its gates on plaintiff as alleged, while plaintiff was alighting from its car, plaintiff could recover, was proper.

5. Same; Care Required.—The law requires the highest degree of care, diligence and skill of those engaged as common carriers of passengers known to careful, diligent and skillful persons engaged in such business, consistent with the practical operation of the business.

APPEAL from Birmingham City Court.
Heard before Hon. C. W. FERGUSON.
Action by Mrs. Ethel Gray against the Birmingham Railway, Light & Power Company, for damages for injuries suffered while a passenger. Judgment for plaintiff and defendant appeals. Affirmed.
Transferred from Court of Appeals under Acts 1911, p. 449.

TILLMAN, BRADLEY & MORROW, for appellant. PROSCH & PROSCH, for appellee.

MAYFIELD, J.—Action, by passenger against common carrier, to recover damages on account of personal injuries. The negligence alleged, which went to the jury, was the closing of the gate of the street car upon plaintiff while she was in the act of alighting from the car at the end of her journey; and the sudden jerking or lurching of the car, at that moment, which caused plaintiff to fall and injure herself. There were no pleas of contributory negligence, and the wanton counts were charged out by the court. The jury found for the plaintiff and assessed her damages at $375.

Each of the counts was sufficient in an action by a passenger against a carrier for negligence in causing personal injuries, and they were therefore not subject to the demurrers thereto interposed.

(1) Counts charging simple negligence of a common carrier to the injury of a passenger on one of its cars, which allege that the defendant was a common carrier of passengers, that plaintiff was a passenger, and that it so negligently conducted itself in and about her carriage thereon that at a certain time and place plaintiff was thrown or caused to fall from said car, are sufficient.—*Birmingham Co. v. Fisher*, 173 Ala. 623, 55 South. 995, 7 Mayf. Dig., 101.

(2) There was no error in allowing witnesses to testify that plaintiff complained of her injuries. These expressions of pain,

and of the locality, nature, extent, and character of it, are usually admissible evidence. .True, the rule allows an opportunity for simulation and the perpetration of fraud; but necessity and justice require it. The reality or simulation of pain as the cause of such expressions is a question for the jury. The rule, however, has limitations. The declarations must be limited to the existence of pain and suffering at the time they are made, and do not extend to rehearsals or narrations of past conditions or sufferings; nor does the rule extend to declarations as to the cause of the pain or suffering.—*Western Steel Co. v. Bean,* 163 Ala. 260, 50 South. 1012; Mayf. Dig., 314. The declarations, if admissible, can be proven by any one who heard them.—*Id.*

(3) It might be error to allow the plaintiff to testify as to what he said or did, on these occasions, indicative of pain. It would be better and more appropriate for him to testify whether or not be suffered pain, than to what he said about it.—*Id.,* 163 Ala. 260, 50 South. 1012.

In an action against a common carrier for injury to a passenger, complaints of pain and suffering, and symptoms indicative of injury, made by the person injured, are admissible.

(4, 5) There was no error in the giving of any of the plaintiff's written requested charges. They were as follows: "(1) If the jury is reasonably satisfied from all the evidence in this case that the plaintiff was injured in the manner and form alleged in the complaint, as the proximate consequence of the defendant's negligence as alleged thereon, then you must find a verdict for the plaintiff.

"(2) If the jury is reasonably satisfied from all the evidence in this case the defendant, its agents or servants, negligently closed the gates on the plaintiff as alleged in the said complaint, while plaintiff was in the act of alighting from said car, and that she received her said injuries proximately from said gates being closed upon her, you must find a verdict for the plaintiff.

"(3) The court charges you, gentlemen of the jury, that the law requires the highest degree of care and diligence and skill, by those engaged as a common carrier of passengers by street cars known to careful, diligent, and skillful persons, engaged in such business, consistent with the practical operation of the road."

Charges 1 and 2 practically hypothesized the material averments of the complaint, and as there were no special pleas of con-

tributory negligence, etc., there was no error in the giving of the charges.

The evidence was sufficient to support a verdict under either of the counts allowed to go to the jury; hence there was no error in refusing defendant's requested charges which were in effect the general affirmative charge to find for the defendant as to these counts.

We find nothing in this record which would justify us in holding that the trial court erred in refusing the motion for a new trial. As we have said above, there was evidence sufficient to support the verdict; and we are not prepared to say that the verdict was excessive.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.