(122 So. 41)

### ELDER v. RALLS SANITARIUM, Inc., et al.
### (7 Div. 807.)

Supreme Court of Alabama.  March 21, 1929.

Rehearing Denied May 2, 1929.

Goodhue & Lusk, of Gadsden, for appellees.

J. M. Miller and E. O. McCord & Son, all of Gadsden, for appellant.

PER CURIAM. Motion is made to strike the bill of exceptions, based upon the ground it does not disclose a tender by the party supposing himself to be aggrieved. Section 6432, Code of 1923. The concluding paragraph containing the trial judge's approval recited the tender of the bill of exceptions by "defendant"; and movant insists this error is not self-corrective under the author-

ity of Mauney v. Electric Const. Co., 210 Ala. 554, 98 So. 874.

Under original consideration the court was of the opinion the Mauney Case was conclusive to such effect, but upon a reconsideration a contrary conclusion has been reached. Underlying the holding in that case was the principle of disapproval by the court of any change in the record of a cause, however innocently made, which does not here obtain, and we conclude also there are points of differentiation in the method of construction and indorsement of the bill of exceptions.

In the instant case there was judgment for defendant, and the bill of exceptions throughout discloses that the exceptions to the rulings of the court were reserved by the plaintiff, and the appeal was prosecuted by the plaintiff. We are therefore of the opinion that it appears upon the face of the bill of exceptions the word "defendant" above noted, as indicating the party tendering the same was intended to have been written "plaintiff," and that this was clerical error and self-correcting. The cases of Bartlett v. Jenkins, 213 Ala. 510, 105 So. 654, and Starr Piano Co. v. Zavelo, 212 Ala. 369, 102 So. 795, by analogy, fully support this conclusion.

If there are expressions in Mauney v. Electric Const. Co., supra, which may be construed as indicating to the contrary, they are here disapproved.

The motion to strike will therefore be overruled, and we proceed to a consideration of the cause upon its merits.

■ Error is urged in the action of the court sustaining the demurrer interposed to count 5, a wanton count. But the sufficiency of this count is not necessary to be determined, as the court is of the opinion plaintiff received the benefit of this count with no additional burden imposed under count 6 (also a wanton count), as to which issue was joined. If there was error, therefore, as to the ruling on count 5 (a question not here determined), it was without injury. Bradley v. Louisville & N. R. Co., 149 Ala. 545, 42 So. 818; Helms v. Cent. of Ga. R. Co., 188 Ala. 393, 66 So. 470; Whaley v. Sloss-Sheffield S. & I. Co., 164 Ala. 216, 51 So. 419, 20 Ann. Cas. 822; Penry v. Dozier, 161 Ala. 292, 49 So. 909.

Plaintiff suffered a compound fracture of the left leg above the knee, and, on October 2, 1925, was carried to the sanitarium in Gadsden, owned and operated by defendant A. W. Ralls. He was there treated for about five weeks and went home, but in the latter part of November an X-ray picture disclosed that, while the lower break was healing or had healed, there was no union in the upper break, and he returned for further treatment. An operation followed, whereby the bones were held together with a metal plate with six screws. Several days thereafter defendant ordered that plaintiff be carried into the sun parlor. It was necessary that he be placed in a chair to be rolled into the parlor, and plaintiff insists that in removing him from the bed into the chair he was allowed to drop or was pitched into the chair and the metal plate on his leg thus loosened, resulting ultimately in the amputation and loss of the leg.

■ In count 4 he alleges simple negligence, and in count 6 that this was wantonly done. The cause was tried upon issue joined as to these two counts, resulting in a verdict and judgment for defendant. The court gave the affirmative charge for defendant as to the wanton count, and we think correctly so.

Plaintiff admits that defendant A. W. Ralls had exercised much care for his welfare during his stay at the hospital, but charges wanton conduct on his part in causing him to fall or be thrown into the chair. His proof in this respect shows that defendant Ralls assisted by two nurses moved plaintiff from the bed to the chair, and that in doing so one of the nurses who held plaintiff at the waist, and who was between the bed and the chair, had to release her hold to get out of the way, and the nurse holding at his head let his shoulder fall or pitched it onto the chair, thus causing the injury. This is plaintiff's version, very briefly summarized, but it will suffice to show, we think, that no wanton conduct on defendant's part, who is directly charged therewith, was made to appear. Nor do we think it adds to plaintiff's theory that he testified defendant, following this occurrence, "looked to be mad," and walked out of the room. This would tend to show irritation at the mishap, but it would not indicate wanton or willful conduct in the act itself. Any conclusion of wantonness on defendant's part, as defined and understood by this court in numerous decisions (10 Michie's Digest pp. 566–569), must rest upon the merest conjecture.

Further discussion of this question we deem unnecessary. There was no error in charging out the wanton count.

There are 200 assignments of error, many of which relate to rulings on evidence. These assignments are treated by appellant in brief in a general way, and as to some of them it may be questioned that the treatment comes within the rule of Wells Co. v. Lane, 217 Ala. 10, 115 So. 77. This question aside however, we will give general consideration here to the questions presented.

■ It appears that, a short time previous to the institution of this suit, plaintiff by the same attorney had brought another suit, to recover damages for negligent or improper treatment while at the defendant sanitarium, in the improper setting of the bone, claiming the loss of the leg as a consequence thereof. Counsel for defendant made reference to this other suit, still pending on the docket, and the court also permitted in evidence the complaint in that suit. It is insisted this was error. Defendant's evidence tended to show plaintiff was moved from his bed on to the chair and into the sun parlor more than once;

that the chair was placed adjoining the bed, and the exchange made without any mishap whatever, and without difficulty and with due care; that plaintiff made no complaint whatever of what now constitutes the basis of this suit, but after the expiration of several months brought the first suit seeking damages for that a plaster paris cast had been improperly placed on the leg without ascertainment that the ends of the bone were together.

We think the following from 22 Corpus Juris, p. 317, fully answers appellant's objection: "Where a party on the trial of an action advances contentions which are inconsistent with his prior conduct in relation to the matter in controversy, such prior conduct may be shown as being in the nature of an admission. Evidence of this character takes a wide range." The case of Kalevas v. Ferguson, 216 Ala. 625, 114 So. 292, cited by appellant, presents an entirely different situation, and is readily distinguishable from the instant case.

Assignments of error based upon the rulings above noted are without merit.

■ The court, over plaintiff's objection, permitted evidence as to the general treatment of plaintiff's case while in the hospital, including the nurses' chart, and these rulings are assigned as error.

It is insisted the evidence should have been confined to the date of the alleged negligent conduct, and that the above noted evidence was irrelevant. We recognize· the rule of relevancy as stated in Brewer v. Watson, 65 Ala. 88, that "there must be a plain and manifest connection between the issue in controversy and the collateral facts introduced to sustain or rebut it," but, considering the nature of the case and attendant circumstances, we think this evidence was relevant.

The substantial ·and permanent damage claimed to have been sustained by plaintiff was the loss of the leg, and he insists such resulted from his negligent removal from the bed to the chair. In addition to this, the issues then before the jury embraced the charge of wantonness against defendant. Defendant's evidence was in sharp conflict with that of plaintiff, and tended to show that, notwithstanding all due care, skill, and attention, the leg was lost on account of the serious nature of the break and its failure to respond to treatment.

We think the treatment of plaintiff while in the sanitarium was so connected with the treatment specifically complained of as to render such evidence relevant and competent. These assignments present no reversible error.

■ ■ Dr. Horsley, a witness for plaintiff, testified there was a probability that a jar or rough handling could have caused the metal plate to become loose, and that "it possibly contributed to the loss of the leg." There were objections interposed by defendant, which were sustained, to some of plaintiff's questions to this witness, which rulings are assigned for error; but they need no detailed consideration. The trial judge interrogated this witness as to these matters, and the testimony thus elicited fully covered the matters embraced in plaintiff's questions. If any error intervened, therefore, it was without injury. Stress in this connection is laid upon the refusal of the court to permit the question as to whether or not such negligence would be the "intervening cause" of the loss of the leg, but this form of question was clearly improper.

■ Nor was there error in permitting defendant to testify as to his qualifications and experience as a physician and surgeon.

■ The court permitted plaintiff to testify that he suffered pain constantly with his leg, and likewise permitted others to testify as to his expressions and complaints of such pain and suffering. This sufficed, and there was no error in declining to permit plaintiff to show the exact language used. Such is the effect of the holding of our cases. Western Steel Car Co. v. Bean, 163 Ala. 255, 50 So. 1012, and Birmingham Ry., L. & P. Co. v. Gray, 196 Ala. 42, 71 So. 689. See, also, 3 Wigmore on Evidence, p. 2215.

■ The verdict being in favor of defendant, reversible error could not be rested upon the refusal of charge L requested by plaintiff, which charge deals only with the question of the measure of damages. Moreover, we are of the opinion the substance of this charge was embraced in the oral charge of the court. These observations apply also ʼto refused charge S.

■ Refused charge N was faulty in that it assumed negligence. Moreover its substance was embraced in the oral charge.

■ Charges found similar to refused charges O, P, and Q have been held to have a misleading tendency which justifies their refusal. Batterton v. City of Birmingham, 218 Ala. 489, 119 So. 13. The case of Lowe v. Reed, 207 Ala. 278, 92 So. 467, cited by appellant, does not militate against this conclusion.

But these charges were particularly misleading in the instant case, as the defendant not only testified as an expert, but as to facts in contradiction of the testimony of plaintiff as to what occurred, and the charges make no distinction as to the character of the testimony.

■ Refused charge R is subject to the construction that it assumes defendant's negligent act therein referred to. In addition to this, it appears the substance of this charge was covered by the oral charge. The use of the word "plaintiff" where was intended the word "defendant" in refused charge U justifies its refusal, without more. As to refused charge V, pretermitting the error therein of the word "of" where "if" was intended, it assumes negligence and was properly refused.

It may be added, however, that the sub-

stance of these charges as also refused charges T and W were embraced in the oral charge of the court, which appears to have very carefully covered the salient features of the case.

We have here considered the questions and propositions which appear to be stressed in brief of counsel for appellant, and find no error to reverse. The judgment will accordingly be affirmed.

Affirmed.

All the Justices concur.