(121 So. 704)

**LOWERY v. JONES.**   (7 Div. 875.)

Supreme Court of Alabama.   April 11, 1929.

Chas. J. Scott, of Ft. Payne, for appellant.

202

Wolfes & Crawford, of Ft. Payne, for appellee.

BOULDIN, J. The action is for personal injury received by plaintiff in an automobile collision at a street crossing. The plaintiff was in a car being driven by her husband. The other was being driven by the defendant.

There was verdict and judgment for plaintiff for nominal damages, one cent; she appeals.

■ In such case adverse rulings going to the right of plaintiff to recover are not reviewable unless they may have influenced the finding as to amount of damages. Cocke v. Edwards, 215 Ala. 8, 108 So. 857; Davis v. Erwin, 214 Ala. 341, 107 So. 903; O'Quinn v. Alston, 213 Ala. 346, 104 So. 653, 39 A. L. R. 1263; Holloway v. Henderson Lbr. Co., 203 Ala. 246, 82 So. 344.

■■ In personal injury cases, where there is evidence of injury resulting in continued pain and suffering, expressions of pain of like kind are admissible in evidence. Such complaints are not limited to the time of the accident, nor to any limited time thereafter. They must relate to present pains as of the time of complaint, and not be mere narratives of past experiences. They are not admissible as to the circumstances or cause of the ailment. This court has not been unmindful of the hazard of simulated or fraudulent complaints after all visible injury has apparently disappeared; but, for reasons carefully considered, they have been received to be weighed by the jury in connection with all the evidence. They may be testified to by any person who has heard them when uttered. They are excepted from the rule of hearsay or self-serving declarations. Birmingham R. L. & P. Co. v. Gray, 196 Ala. 42, 71 So. 689; L. & N. R. R. Co. v. Jones, 194 Ala. 334, 70 So. 133; Western Steel Car Co. v. Bean, 163 Ala. 255, 50 So. 1012; Stowers Furn. Co. v. Brake, 158 Ala. 639, 48 So. 89; K. C. M. & B. Ry. v. Matthews, 142 Ala. 298, 39 So. 207; Montgomery Co. v. Shanks, 139 Ala. 501, 37 So. 166; Phillips v. Kelly, 29 Ala. 628; Rowland v. Walker, 18 Ala. 749.

■■ This rule must not be confused with another applicable in the examination of a physician as an expert witness. In giving his professional opinion as to the extent and nature of the injury, he may state the basis upon which he has formed the opinion, his personal examination, including the symptoms given by his patient, their beginning, sequence, and continuity, the fact of a hurt or injury, and its character. These involve statements to the physician in the nature of past events and supposed causes. They must not go into the question of responsibility for the injury. They are limited to purposes of diagnosis, and come in evidence along with and as part bases for his opinion, admitted out of necessity in allowing a proper field for medical science in legal administration; the probative force of the opinion given depending on the verity of the basis on which it is formed as found by the jury. State Realty Co. v. Ligon, 218 Ala. 541, 119 So. 672; Birmingham Ry. Co. v. Hale, 90 Ala. 8, 8 So. 42, 24 Am. St. Rep. 748.

■ Dr. Floyd, a witness for plaintiff, having testified to having treated her immediately after the accident for contusions received in the accident, and that she then complained of pain in her shoulders and back, was asked "whether or not from time to time since then she has complained of the same trouble?" The court was in error in refusing to admit this testimony. It was admissible under the rule first above stated.

■ Witness' later testimony that she "has been to the office complaining with pains in her back since then would suffice to cure the error, but that, on objection, the court said: "Yes, he has told us about her condition; the doctor can tell anything he saw." Clearly the effect was to exclude the latter statement, and limit the evidence to what the doctor saw.

■ Plaintiff's objections to the question, "What did you hear Mr. Lowery say in the presence of Mrs. Lowery about the accident?" propounded by defendant to his witness Van Ambrester, should have been sustained; and the answer, "He said that they would each one fix their own cars," should have been excluded.

■ Likewise the question to same witness, "What did he say, if anything, about who was at fault?" was improperly allowed over objection of plaintiff. The answer, "He said it was both their fault," meaning himself and Jones, was responsive and naturally injurious to plaintiff's case. There was no need of a motion to exclude the answer. True, similar evidence had been admitted without objection, but failure to object to illegal evidence at one time, does not waive a right to object to like evidence offered later. If these objections had been sustained, the force of the former testimony would probably have been weakened in the minds of the jury.

■ We cannot say these errors were harmless in view of this record. We can see no good reason for a verdict for one cent under any phase of this evidence. That plaintiff received actual, painful injury is without dispute. She was entitled to recover substantial, not excessive, damages, or she was entitled to no verdict in her favor. If she had

no cause of action against defendant on the jury's finding of the facts, the verdict should have gone for defendant. That they did find for plaintiff, which could only mean under the issues as made up, that defendant's negligence proximately caused the injury, and that there was no contributory negligence for which plaintiff was responsible, renders wholly illogical the awarding of purely nominal damages. In view of such result, it seems probable the jury in fixing damages at least had regard to the attitude of the husband after the accident. The wife's failure to speak up and contradict the husband or disclaim responsibility for his negligence did not render his statements admissible. While there was no motion for new trial, we think for these errors a reversal should be had.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.